**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>                              Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>                              Plaintiff,<br>    v.<br><br>VEEVA SYSTEMS INC.,<br><br>                              Defendant. | Adv. Proc. No. 25-50220 (KBO) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT VEEVA SYSTEMS INC.**

    Defendant Veeva Systems Inc. ("**Veeva**"), by its undersigned attorneys, hereby answers the Complaint in the captioned proceeding and asserts its affirmative defenses as follows[2]:

**NATURE OF ACTION**

    1.    Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all (a) preferential transfers of property of the Debtors that occurred during the ninety-day period before the commencement of the above-captioned chapter 7 cases (the "**Preference Period**") pursuant to sections 547 and 550 of title 11 of the United States Code (the "**Bankruptcy Code**"), and (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

    **ANSWER**: The allegations contained in paragraph 1 are legal conclusions and no answer is required; to the extent a response is required, Veeva admits that Plaintiff purports to seek certain

---

[1] The Debtors in these chapter 7 cases (each, a "**Debtor**" and, collectively, the "**Debtors**"), along with the last four digits of their federal tax identification numbers, and case numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Capitalized terms used but not defined in Veeva's answers are intended to have the meanings ascribed to them in the Complaint.

relief under the stated sections of title 11 of the United States Code (the "**Bankruptcy Code**"). Veeva further denies that Plaintiff is entitled to any relief under those sections of the Bankruptcy Code and denies all remaining allegations of paragraph 1.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors in the chapter 7 cases, notwithstanding whether any such claim previously has been subject to objection or allowed in full or in part by stipulation or prior order of the Court. Plaintiff does not waive, but hereby reserves, all of his and the Debtors' rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

**ANSWER**: The allegations contained in paragraph 2 are legal conclusions and no answer is required; to the extent a response is required, Veeva admits that Plaintiff purports to seek certain relief under the stated sections of the Bankruptcy Code and further admits that Plaintiff purports to reserve certain purported rights. Further answering, Veeva denies that Plaintiff is entitled to any relief under those sections of the Bankruptcy Code and denies any remaining allegations of paragraph 2. Veeva also reserves all of its rights regarding any claim or claims it may have against any of the Debtors or their respective chapter 7 estates. Veeva denies all remaining allegations of paragraph 2.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012.

**ANSWER**: The allegations contained in paragraph 3 are legal conclusions and no answer is required; to the extent a response is required, Veeva admits to the extent that this Court has jurisdiction over the captioned adversary proceeding pursuant to 28 U.S.C. § 1334(b) and denies that 28 U.S.C. § 157 and the referenced Order, separately or together, confer subject matter jurisdiction upon this Court or upon the United States District Court for the District of Delaware.

Veeva denies all remaining allegations of paragraph 3.

4. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders herein.

**ANSWER**: The allegations contained in paragraph 4 are legal conclusions and no answer is required; to the extent a response is required, Veeva admits that the captioned proceeding is a core proceeding under 28 U.S.C. § 157(b) and denies all remaining allegations of paragraph 4.

5. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Trustee affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in this adversary proceeding consistent with Article III of the United States Constitution.

**ANSWER**: The allegations contained in paragraph 5 are legal conclusions and no answer is required; to the extent a response is required, if it is determined that this Court cannot enter final orders or judgments consistent with Article III of the United States Constitution upon one or more of Plaintiff's asserted claims for relief, Veeva does not consent to the entry of such final orders or final judgments by this Court. Veeva denies all remaining allegations of paragraph 5.

6. Venue is proper in this District pursuant to 28 U.S.C. §1409.

**ANSWER**: The allegations contained in paragraph 6 are legal conclusions and no answer is required; subject to Veeva's non-consent as set forth above to the entry of final orders or judgments by this Court and subject further to Veeva's answers to paragraphs 3 and 4 of the Complaint, Veeva admits that, if subject matter jurisdiction lies in this Court or in the United States District Court for the District of Delaware, then venue is proper in this Court.

7. Personal jurisdiction exists over Defendant because Defendant conducted business in the United States, directed activities toward the Debtors in the United States, and/or the Transfers (as defined below) at issue occurred in the United States.

**ANSWER**: The allegations contained in paragraph 7 are legal conclusions and no answer is required; subject to Veeva's non-consent as set forth above to entry of final orders or judgments

3

by this Court and subject further to Veeva's answers to paragraphs 3, 4, and 6 of the Complaint, Veeva admits that, if subject matter jurisdiction lies in this Court or in the United States District Court for the District of Delaware, then this Court may exercise personal jurisdiction over Veeva. Veeva denies all remaining allegations of Paragraph 7.

8. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

**ANSWER**: The allegations contained in paragraph 8 are legal conclusions and no answer is required; to the extent a response is required, Veeva admits that Plaintiff purports to seek certain relief under the stated sections of the Bankruptcy Code and/or under the stated Federal Rules of Bankruptcy Procedure. Veeva further denies that Plaintiff is entitled to any relief under those sections of the Bankruptcy Code and/or those Federal Rules of Bankruptcy Procedure and denies all remaining allegations of paragraph 8.

## THE PARTIES

9. Plaintiff is the chapter 7 trustee in the Debtors' chapter 7 cases, as appointed by the Office of the United States Trustee on or about February 23, 2023 (the "**Petition Date**"). Plaintiff maintains an office at 1628 John F. Kennedy Blvd., Suite 950, Philadelphia, PA 19103.

**ANSWER**: Veeva admits to the extent that George Miller is the trustee for the Debtors' respective chapter 7 bankruptcy estates. Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 9 and, therefore, to the extent a further response is required, Veeva denies all remaining allegations of paragraph 9.

10. As the chapter 7 trustee for the Debtors' estates, Plaintiff has the authority to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors and litigate affirmative claims of and object to claims asserted against the Debtors pursuant to 11 U.S.C. § 704.

**ANSWER**: Veeva admits to the extent that Plaintiff may exercise the authority granted to Plaintiff by applicable law. Veeva denies all allegations of paragraph 10 inconsistent with that

admission and any remaining allegations of paragraph 10.

11. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for one or more of the Debtors prior to the Petition Date, as more fully disclosed herein.

**ANSWER**: Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 11 and, therefore, to the extent a further response is required, Veeva admits that, prior to the Petition Date, it was a vendor of goods and/or services to one or more of the Debtors and that it was also a creditor of one or more of the Debtors. Veeva denies all allegations of paragraph 11 inconsistent with that admission and all remaining allegations of paragraph 11.

## BACKGROUND

12. On the Petition Date, each of the Debtors commenced a voluntary case under chapter 7 of the Bankruptcy Code. The Debtors' chapter 7 cases are being jointly administered for procedural purposes under the caption *In re Akorn Holding Company LLC, et al.*, Case No. 23- 10253 (KBO).

**ANSWER**: Veeva admits the allegations of paragraph 12.

13. Before the Petition Date, the Debtors' business included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were industry leaders in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors no longer operate their business, and Plaintiff is in the process of liquidating the Debtors' assets.

**ANSWER**: Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 13 and, therefore, to the extent an answer is required, denies the allegations of paragraph 13.

14. The Debtors maintained at least five bank accounts at Bank of America, N.A. (the "**Bank Accounts**"). Between November 25, 2022 and February 23, 2023 (the "**Preference Period**"), the Debtors continued to operate their businesses and, in connection therewith, make disbursements or other transfers of property, whether by checks, cashier's checks, wire transfers, ACH transfers, direct deposits, or otherwise to various entities for goods and services used to purportedly facilitate their business operations.

**ANSWER**: Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 14 and, therefore, to the extent an answer is required, Veeva denies the allegations of paragraph 14.

15. Upon information and belief, Defendant provided goods or services to one or more of the Debtors at varying times before the Petition Date. Prior to the Petition Date, Defendant and one or more of the Debtors were engaged in one or more business transactions pursuant to the terms of agreements entered in connection therewith, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "**Agreements**"). The Agreements concerned and related to the goods or services provided by Defendant to one or more of the Debtors as described herein.

**ANSWER**: Answering the allegations of the first sentence of paragraph 15, Veeva admits to the extent that, prior to the Petition Date, it was a vendor of goods and/or services to one or more of the Debtors and that it was also a creditor of one or more of the Debtors. In answer to the second and third sentences of paragraph 15, Veeva states that its business records include certain orders and statements of work related to Debtor Akorn Operating Company LLC. Further answering, Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 15, including as to whether any documents defined as "Agreements" are as described by Plaintiff in paragraph 15 and, therefore, denies all remaining allegations of paragraph 15.

16. According to the Bank Accounts, the Debtors made one or more transfers of an interest of the Debtors' property through payments aggregating not less than $596,364.00 to Defendant during the Preference Period (the "**Transfer**" or "**Transfers**"). The Transfers were for goods or services provided by Defendant, and made pursuant to invoices or statements submitted by Defendant reflecting such goods or services previously provided, and, as a result, Plaintiff is seeking to avoid the Transfers. The Transfers are more fully set forth on **Exhibit A** attached hereto.

**ANSWER**: Answering the first two sentences of paragraph 16, Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations regarding what the Debtors' Bank Accounts might show and, therefore, to the extent an answer is required, Veeva

denies such allegations. Answering the third sentence of paragraph 16, Veeva admits that it received payment in the Preference Period, but, as of the date of this Answer and subject to its right to amend this Answer, Veeva lacks knowledge or information sufficient to form a belief regarding (a) whether all of such prepetition transfers were made by Debtor Akorn Operating Company LLC and (b) whether Veeva received exactly two (2) transfers in exactly the respective amounts stated in Exhibit A to the Complaint and on the specific dates shown in the "Transfer Date" column on Exhibit A to the Complaint. Further, Veeva denies that Plaintiff is entitled to avoid any transfers received by Veeva, including the Transfers and denies all remaining allegations of paragraph 16.

17. In December 2024, Plaintiff, through counsel, sent a demand letter to Defendant, seeking a return of the Transfers (the "**Demand Letter**"). The Demand Letter detailed each of the Transfers by providing transferor, transferee, transfer date, check number (where applicable), transfer type (*i.e.* wire, check, etc. [*sic*]), and transfer amount.

**ANSWER**: Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 17 and, therefore, to the extent a response is required, denies the allegations of paragraph 17.

18. The Demand Letter also indicated that potential statutory defenses may be available to Defendant pursuant to section 547(c) of the Bankruptcy Code, and requested that if Defendant had evidence to support such defenses, it provide this evidence to Plaintiff so he could review same prior to filing the Complaint.

**ANSWER**: Answering the allegations of paragraph 18, Veeva restates and incorporates its answer to paragraph 17 of the Complaint and denies the allegations of paragraph 18.

19. Plaintiff has also performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of that due diligence and where reasonably available, Plaintiff or his professionals reviewed the Debtors' books and records in his possession applicable to the Defendant. Notwithstanding, Defendant ultimately bears the burden of proof under section 547(g) of the Bankruptcy Code as to any defenses available under section 547(c). Any applicable consideration that the Trustee gave to Defendant's defenses are based on data gleaned from the Debtors' books and records available and applicable to each Defendant, which calculations may be subject to adjustment or otherwise conflict with

Defendant's records. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to any defenses under section 547(c).

**ANSWER**: Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of the first, second, and fourth sentences of paragraph 19 and, therefore, to the extent a response is required, denies such allegations. Answering the allegations of the third and fifth sentences of paragraph 19, Veeva states that its defenses to the cause of action raised in the Complaint are defined by and subject to applicable law, including the Bankruptcy Code, and Veeva denies all allegations of paragraph 19 inconsistent with the text and plain meaning of sections 547(c) and 547(g) of the Bankruptcy Code. Veeva denies all remaining allegations of paragraph 19.

20. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

**ANSWER**: Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 20 and, therefore, to the extent a response is required, denies the allegations of paragraph 20. Answering further, Veeva denies that Plaintiff is entitled to avoid any transfers received by Veeva, including the Transfers. Veeva denies all remaining allegations of paragraph 20.

21. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to or for the benefit of Defendant during or before the Preference Period that are avoidable under sections 547 or 548 of the Bankruptcy Code. Plaintiff intends to avoid and recover all such transfers made to or for the benefit of Defendant or any other transferee during the Preference Period. Plaintiff reserves the right to amend this Complaint to include, without limitation: (i) further information regarding the Transfers (as defined below), (ii) additional transfers made during or before the Preference Period, (iii) additional defendants, (iv) modifications of or revision to Defendant's name, and (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known at any time during this Adversary Proceeding, through formal discovery or otherwise, and intends for any such Amendments to relate back to this Complaint.

**ANSWER**: Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 21, including allegations regarding the Plaintiff's intentions and, therefore, to the extent a response is required, denies the allegations of paragraph 21. Answering further, Veeva denies that it received any transfers, including the Transfers, from any Debtor that may be avoided under any section of the Bankruptcy Code. Answering further, Veeva states that 11 U.S.C. § 546 bars Plaintiff from amending the Complaint or otherwise taking any action against Veeva pursuant to the provisions of the Bankruptcy Code that are subject to the limitations provisions of 11 U.S.C. § 546 and states that any purported "reservation of rights" to the contrary by Plaintiff is and would be a nullity. Veeva denies all remaining allegations of paragraph 21.

22.     During the Preference Period, the Debtors (i) began to fall behind on payments to their vendors, but continued to incur debts that the Debtors were unable to pay as they came due, (ii) had outstanding liabilities that exceeded the Debtors' assets, and (iii) had insufficient capital, and insufficient access to capital, to continue operating their businesses. Indeed, the Debtors' schedules of assets and liabilities show that at least as of the Petition Date, their liabilities vastly outsized their assets. *See* D.I.[3] 70 (showing $0.00 in assets against $5,651,500.04 in liabilities for Debtor Akorn Holding Company LLC, Case No. 23-10253); D.I. 72 (showing $0.00 in assets against $181,111,238.42 in liabilities for Debtor Akorn Intermediate Company LLC, Case No. 23-10254); D.I. 74 (showing $222,690,796.15 in assets against $313,431,159.74 in liabilities for Debtor Akorn Operating Company LLC, Case No. 23-10255).

**ANSWER**: Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of the first sentence of paragraph 22 and, therefore, to the extent a response is required, denies the allegations of paragraph 22. Answering further, Veeva denies any allegations of the second and third sentences of paragraph 22 inconsistent with the content of the documents referenced therein and denies all remaining allegations of paragraph 22.

23.     During the pendency of the chapter 7 cases, the Court entered orders authorizing the sale of substantially all of the Debtors' non-litigation assets. Following these sales, the Trustee sought, and obtained, authority to make an interim distribution to holders of allowed

---

[3] Any references to "D.I." herein refer to the docket in Case No. 23-10253.

9

unsecured claims against the Debtors, which, interim distribution provided such creditors with a 19.2% recovery on their respective claim amounts. *See* D.I. 1000 at ¶ 12; D.I. 1023.

**ANSWER**:  Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 23 and, therefore, to the extent a response is required, denies the allegations of paragraph 23.

24. Upon information and belief, based on Plaintiff's liquidation of the Debtors' non-litigation assets and the projected recoveries from the Debtors' litigation assets, general unsecured creditors will not be paid in full in the chapter 7 cases.

**ANSWER**:  Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 24 and, therefore, to the extent a response is required, denies the allegations of paragraph 24.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

25. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER**:  For its answer to the allegations of paragraph 25, Veeva restates and incorporates by reference its answers to paragraphs 1-24 of the Complaint.

26. During the Preference Period, the transferring Debtor made Transfers to or for the benefit of Defendant in an aggregate amount not less than $596,364.00, as more fully identified on **Exhibit A**.

**ANSWER**:  Veeva admits that it received payment during the Preference Period of $596,364.00, but, as of the date of this Answer and subject to its right to amend this Answer, Veeva lacks knowledge or information sufficient to form a belief regarding (a) whether all of such prepetition transfers were made by Debtor Akorn Operating Company LLC, as stated in Exhibit A to the Complaint, and (b) whether Veeva (i) received exactly two (2) transfers in exactly the respective amounts stated in Exhibit A to the Complaint and (ii) received such transfers on the specific dates shown in the "Transfer Date" column on Exhibit A to the Complaint.  Veeva denies

all remaining allegations of paragraph 26.

27. The Transfers were paid from one or more of the Bank Accounts described *supra,* and constituted transfers of an interest in property of the Debtors.

**ANSWER**:  Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 27 and, therefore, to the extent a response is required, denies the allegations of paragraph 27.

28. Defendant was a creditor of the Debtors at the time each Transfer was made by virtue of supplying goods or services, as described herein and in the Agreements, for which the Debtors were obligated to pay in accordance with the Agreements.

**ANSWER**:  Veeva admits that, prior to the Petition Date, it was a vendor of goods and/or services to one or more of the Debtors and that it was also a creditor of one or more of the Debtors. Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 28, including because Plaintiff has not identified any specific "Agreements" between Veeva and any Debtor.  Veeva denies all remaining allegations of paragraph 28.

29. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(l) because each Transfer either reduced or fully satisfied one or more debts then owed by the applicable Debtor to Defendant.

**ANSWER**:  Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 29 and, therefore, to the extent a response is required, denies the allegations of paragraph 29.

30. Each Transfer to Defendant was made for or on account of an antecedent debt owed by the applicable Debtor to Defendant before such Transfer was made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) held by Defendant against the applicable Debtor.

**ANSWER**:  Veeva denies the allegations of paragraph 30.

31. Each Transfer was made while the Debtor to which such Transfer relates was

insolvent. Plaintiff is entitled to the presumption that the Debtors were insolvent during the Preference Period, pursuant to 11 U.S.C. § 547(f).

**ANSWER**:  Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of the first sentence of paragraph 31 and therefore, to the extent a response is required, denies such allegations.  Answering further, Veeva denies all allegations of paragraph 31 inconsistent with the text and plain meaning of section 547(f) of the Bankruptcy Code and denies all remaining allegations of paragraph 31.

32. Each Transfer was made during the Preference Period. *See* **Exhibit A**

**ANSWER**:  Answering the allegations of paragraph 32, Veeva restates and incorporates by reference the first sentence of its answer to paragraph 26 of the Complaint.  Veeva denies all remaining allegations of paragraph 32.

33. Each Transfer enabled Defendant to receive more than Defendant would have received if: (i) the Debtors' estates were liquidated through proceedings under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.

**ANSWER**:  Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 33 and, therefore, to the extent a response is required, denies the allegations of paragraph 33.

34. Plaintiff has conducted reasonable due diligence given the circumstances of the case and has taken into account Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c). Plaintiff also issued the Demand Letter before filing this Complaint in order to resolve the substance of the Complaint and/or to engage Defendant in discussions regarding the Transfers, including procuring any additional records to help substantiate such defenses. As of the filing of this Complaint, Defendant has not remitted the amount of the Transfers to Plaintiff.

**ANSWER**:  Veeva lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of the first sentence of paragraph 33 and, therefore, to the extent a response is required, denies such allegations.  Answering the allegations of the second sentence of

paragraph 34, Veeva restates and incorporates its answer to paragraph 17 of the Complaint. Answering the allegations of the third sentence of paragraph 34, Veeva admits that it has not paid or turned over any property, including the amount of any transfers made by any Debtor to Veeva, including the Transfers. Veeva denies all remaining allegations of paragraph 34.

35. By reason of the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**ANSWER**: The allegations of paragraph 35 are legal conclusions; to the extent a response is required, Veeva denies the allegations of paragraph 35.

### COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(l)(B))

36. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER**: For its answer to the allegations of paragraph 36, Veeva restates and incorporates by reference its answers to paragraphs 1-35 of the Complaint.

37. To the extent one or more of the Transfers identified on **Exhibit A** cannot be avoided under section 547 of the Bankruptcy Code because, *inter alia,* such Transfer was not made on account of an antecedent debt or was a prepayment for goods and/or services subsequently received, Plaintiff pleads in the alternative that such Transfer (a "**Fraudulent Transfer**") is avoidable under section 548 of the Bankruptcy Code as:

    a. the Fraudulent Transfer was a transfer of an interest in property of the Debtors;

    b. the Fraudulent Transfer was made within two (2) years prior to the Petition Date;

    c. the Fraudulent Transfer was made to or for the benefit of Defendant;

    d. the Debtor making such Fraudulent Transfer received less than reasonably equivalent value in exchange for such Fraudulent Transfer; and

    e. the Debtor making such Fraudulent Transfer: (i) was insolvent on the date such Fraudulent Transfer was made or became insolvent as a result of such Fraudulent Transfer, (ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining was an unreasonably small capital; or (iii) intended to incur, or

believed it would incur, debts beyond such Debtor's ability to pay as such debts matured. *See supra*, ¶ 21.

**ANSWER**: The allegations of paragraph 37 are legal conclusions, further, Veeva lacks knowledge or information sufficient to form a belief regarding the intent of any Debtor; to the extent a response is required, Veeva denies the allegations of paragraph 37.

38. By reason of the foregoing and in the alternative to Count I, the Transfers constitute constructive fraudulent transfers, which should be avoided pursuant to 11 U.S.C. § 548(a)(l)(B).

**ANSWER**: The allegations of paragraph 38 are legal conclusions; to the extent a response is required, Veeva denies the allegations of paragraph 38.

## COUNT III
### (Recovery of Property - 11 U.S.C. § 550)

39. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER**: For its answer to the allegations of paragraph 39, Veeva restates and incorporates by reference its answers to paragraphs 1-38 of the Complaint.

40. Plaintiff is entitled to avoid the Transfers under sections 547(b) and/or 548 of the Bankruptcy Code, as applicable.

**ANSWER**: The allegations of paragraph 40 are legal conclusions; to the extent a response is required, Veeva denies the allegations of paragraph 40.

41. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

**ANSWER**: Answering the allegations of paragraph 41, Veeva restates the first sentence of its answer to paragraph 26 of the Complaint and denies all remaining allegations of paragraph 41.

42. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the full amount of each Transfer, as set forth in **Exhibit A**.

14

**ANSWER**:  The allegations of paragraph 42 are legal conclusions; to the extent a response is required, Veeva denies the allegations of paragraph 42.

### COUNT IV
### (Disallowance of Claims - 11 U.S.C. § 502)

43. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER**:  Veeva restates and incorporates by reference its answers to paragraphs 1-42 of the Complaint.

44. Defendant is a transferee of Transfers avoidable pursuant to sections 547 and 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

**ANSWER**:  The allegations of paragraph 44 are legal conclusions; to the extent a response is required, Veeva denies the allegations of paragraph 44.

45. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

**ANSWER**:  The allegations of paragraph 45 are legal conclusions; to the extent that a response is required, Veeva admits that it has not paid or turned over any property, including the amount of any payment made by any Debtor to Veeva, including the Transfers.  Answering further, Veeva denies that it received any transfers, including the Transfers, from any Debtor that may be avoided under any section of the Bankruptcy Code and denies that it is liable to Plaintiff under section 550 of the Bankruptcy Code.  Veeva denies all remaining allegations of paragraph 45.

46. Pursuant to sections 502(d) and (j) of the Bankruptcy Code, and irrespective of whether any order or stipulation allowing Defendant's claims has been approved by the Court, any claims held by Defendant in the chapter 7 cases must be disallowed, and if previously allowed, allowance must be reconsidered, until such time as Defendant returns amounts equal to the aggregate amount of the Transfers, plus interest thereon and costs.

**ANSWER**:  The allegations of paragraph 46 are legal conclusions; to the extent a response is required, Veeva denies the allegations of paragraph 46.

**AFFIRMATIVE DEFENSES**

All of the following affirmative defenses are asserted in the alternative, and the assertion of one affirmative defense is not intended to negate the right or ability of Veeva to assert any other affirmative defense, whether in this Answer or in any amendment thereto.

**First Affirmative Defense – Statute of Limitations (11 U.S.C. § 546(c)(1))**

1.  The commencement of a voluntary chapter 7 case by each Debtor constituted an order for relief as to that Debtor entered on the Petition Date.

2.  Pursuant to 11 U.S.C. § 546(a), an action or proceeding under 11 U.S.C. §§ 544, 545, 547, 548, or 553 may not be commenced in the Debtors' cases after February 23, 2025.

3.  Plaintiff is therefore prohibited from amending the Complaint to include any transfers not already included therein, because such an amendment would be the equivalent of commencing a proceeding under 11 U.S.C. §§ 547 or 548 (as applicable) that is time-barred under 11 U.S.C. § 546(a).

**Second Affirmative Defense – 11 U.S.C. § 547(c)(1)**

1.  Upon information and belief, and to preserve this affirmative defense, Veeva states that certain of the transfers that it has admitted to receiving and that comprise the Transfers were or may have been (a) intended by the relevant Debtor and Veeva to be contemporaneous exchanges for new value and (b) in fact, substantially contemporaneous exchanges.

2.  Plaintiff may not recover any such transfers from Veeva, pursuant to 11 U.S.C. § 547(c)(1).

**Third Affirmative Defense – 11 U.S.C. § 547(c)(2)(A)**

1.  Some or all of the transfers that Veeva has admitted to receiving and that comprise the Transfers were each made (a) in payment of a debt incurred by the relevant Debtor in the

ordinary course of the business or financial affairs of the Debtor and Veeva and (b) in the ordinary course of business or financial affairs of such Debtor and Veeva.

2. Plaintiff may not recover any such transfers from Veeva, pursuant to 11 U.S.C. § 547(c)(2)(A).

### Fourth Affirmative Defense – 11 U.S.C. § 547(c)(2)(B)

1. Some or all of the transfers that Veeva has admitted to receiving and that comprise the Transfers were each made (a) in payment of a debt incurred by the relevant Debtor in the ordinary course of the business or financial affairs of the Debtor and Veeva and (b) according to ordinary business terms.

2. Plaintiff may not recover any such transfers from Veeva, pursuant to 11 U.S.C. § 547(c)(2)(B).

### Fifth Affirmative Defense – 11 U.S.C. § 547(c)(4)

1. Some or all of the transfers that Veeva has admitted to receiving and that comprise the Transfers are or may be subject to reduction on account of new value provided to the relevant Debtor by Veeva after such transfers were made (a) which new value was not secured by an otherwise unavoidable security interest and (b) on account of which new value Veeva did not receive an otherwise unavoidable transfer to or for its benefit from the relevant Debtor.

2. Plaintiff may not recover any such transfers from Veeva, pursuant to 11 U.S.C. § 547(c)(4).

### Sixth Affirmative Defense – Failure to Establish Essential Element of Cause of Action (11 U.S.C. § 547(b)(2))

1. Certain of the transfers that Veeva has admitted to receiving and that comprise the Transfers were not made on account of antecedent debts owed by any Debtor to Veeva before such transfers were made but, rather, were made prior to, or at, the time such debts arose.

2.      Plaintiff may not recover any such transfers from Veeva, because, as to those transfers, Plaintiff cannot satisfy 11 U.S.C. § 547(b)(2).

### Seventh Affirmative Defense – Failure to Establish Essential Element of Cause of Action (11 U.S.C. § 548(a)(1)(B)(i))

1.      For each of the transfers that Veeva has admitted to receiving and that comprise the Transfers, the relevant Debtor received at least reasonably equivalent value therefor.

2.      Plaintiff may not recover any such transfers from Veeva as constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B), because Plaintiff cannot satisfy 11 U.S.C. § 548(a)(1)(B)(i).

### Eighth Affirmative Defense – 11 U.S.C. § 548(c)

1.      As to each of the transfers that Veeva has admitted to receiving and that comprise the Transfers that may be avoidable as constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B), Veeva took such transfer (a) for value given and (b) in good faith.

2.      As to any such avoided transfer, Veeva is entitled to its full rights and protections under 11 U.S.C. § 548(c), including (a) a lien on, or retention of, the interest transferred to Veeva or (b) enforcement of any obligation to Veeva that is avoided, each to the extent of the value given to the relevant Debtor in exchange for such transfer or obligation.

### Ninth Affirmative Defense – Reservation of Rights

Veeva hereby reserves all of its rights to (a) assert counterclaims against Plaintiff, any Debtor or group of Debtors, the property of any Debtor or group of Debtors, and the estates of any Debtor or group of Debtors; (b) assert additional affirmative defenses that may appear during the course of the captioned proceeding, and (c) amend the above answers and these affirmative defenses.

WHEREFORE, Defendant Veeva Systems Inc. respectfully requests that this Court (A) deny Plaintiff any and all relief Plaintiff seeks against Veeva and (B) grant Veeva such other and further relief as this Court deems appropriate.

Dated: July 21, 2025
Wilmington, Delaware

**ROBINSON & COLE LLP**

*/s/ Michael Barber*
Michael Barber (No. 7158)
1201 N. Market Street, Suite 1406
Wilmington, DE 19801
Telephone: (215) 398-0561
Email: mbarber@rc.com

*-and-*

**QUARLES & BRADY LLP**

*/s/ Brittany S. Ogden*
Brittany S. Ogden
*Pro Hac Vice pending*
33 East Main St., Suite 900
Madison, WI 53703
Telephone: (608) 251-5000
Email: brittany.ogden@quarles.com

*Counsel for Veeva Systems Inc.*