**Robinson+Cole**

DAVIS LEE WRIGHT

1201 North Market Street, Suite 1406
Wilmington, DE 19801
Main (302) 516-1700
Fax (302) 516-1699
dwright@rc.com
Direct (302) 516-1703

March 30, 2026

The Honorable Karen B. Owens
U.S. Bankruptcy Court, District of Delaware
824 N. Market St., 3rd Floor
Wilmington, DE 19801

      **Re:** ***In re Akorn Holding Company LLC, et al./Miller v. Veeva Systems Inc.***;
          **Adv. Proc. No. 25-50220**

Dear Chief Judge Owens:

Pursuant to Paragraph 12 the Procedures Order,[1] Veeva Systems Inc. ("Veeva") submits this letter regarding a discovery dispute between Veeva and George Miller, as chapter 7 trustee (the "Trustee," together with Veeva, the "Parties").

**A. Background Information and Statement of the Dispute**

The Trustee filed his complaint on February 12, 2025. The Parties exchanged initial disclosures and written discovery as required by the Procedures Order, *see* Exs. A and B, and held informal settlement discussions through summer and fall of 2025. Neither Party, however, produced any responsive documents but acknowledged that responsive documents exist. The Parties proceeded with mediation without exchanging nor compelling responsive documents. The mediation was unsuccessful.

Following mediation and the filing of the mediator's report, Veeva reached out to the Trustee regarding parties' production of responsive documents. *See* Ex. C. The Trustee provided no substantive response on the production of their documents. Veeva requested a meet-and-confer on the issue, prior to which, Veeva made its production of responsive documents.[2] At the meet-and-confer, the Trustee asserted that fact discovery closed on November 21, 2025, based on the Trustee's reading of the Procedural Order[3] and that no documents and no supplemental responses would be provided. Veeva responded by disagreeing with the Trustee's reading of the Procedures Order, and by raising that Trustee had not yet produced any documents despite Trustee's discovery responses representing that responsive documents exist. *See* Exhibit A. The Parties met-and-conferred again, during which the Trustee asserted that producing documents would be burdensome and indicated that the Trustee had not yet begun to review documents. The Trustee

---

[1] *See* Order Establishing Streamlined Procedures Governing Adversary Proceedings with Total Amount in Controversy Greater than $75,000.00

[2] The Trustee has confirmed that it was not prejudiced by the production and no longer challenges the production.

[3] The Trustee did not take any action consistent with the belief that discovery had closed, such as compelling documents from Veeva.

---

Boston | Hartford | New York | Washington, DC | Providence | Miami | Austin | Stamford | Wilmington | Philadelphia | Los Angeles | Albany

rc.com | Robinson & Cole LLP

U.S. Bankruptcy Court
District of Delaware
March 30, 2026
Page 2

ultimately made two limited productions which contained six invoices and four bank statements.[4] This production is well short of what the Trustee agreed to produce in his written discovery responses. Last week, Veeva asked Trustee for a supplementation of its production and indicated a need to adjust the current schedule due to Trustee's delays in producing responsive documents and upcoming deadlines.  No response was received by the Trustee.

### *Veeva's Position*

Like all parties to litigation, the Trustee has discovery obligations with which he must comply.[5] In his responses to Veeva's Discovery Requests, the Trustee responded ***thirty-nine*** times that responsive documents exist and would be produced or made available for inspection and answered ***thirteen*** interrogatories that supplementation of his answers was forthcoming. *See* Ex. A. The Trustee's written responses described: "the Debtors' AP ledgers, bank statements, invoice histories, and any communications in the Debtors' files concerning payment expectations or collection"; the Debtor's "books and records"; "non-privileged contracts or purchase orders located in the Debtor's files"; and "non-privileged records located in the Debtor's files that identify invoice numbers, invoice dates, amounts, payment dates, methods, and amounts and remittance details for payment reflected in the Debtors records" as documents that exist and are responsive. None of these documents have been produced. The Trustee is required to fulfill his duty to supplement. The Trustee is not permitted to represent in his written responses that responsive documents exist, only to later indicate he has not searched for or reviewed documents and refuse to produce the same. It is fundamentally inequitable for the Trustee to rely upon and exploit the documents produced by Veeva while simultaneously refusing to produce any documents of his own, effectively seeking to benefit from an improper one-sided discovery process.

### B. Conclusion

Veeva wishes that the court address the Trustee's obligation to immediately supplement its discovery responses, particularly due to the upcoming case deadlines, including the parties expert report deadline set for April 13, 2026.

Sincerely,

*Davis Lee Wright*

Davis Lee Wright (DE# 4324)

---

[4] Relevant communications between the Parties on these issues are attached as Exhibits B, C, and D.

[5] The Procedures Order incorporates the Federal Rules of Civil Procedure on discovery. *See* Procedures Order ¶¶ 6, 9-11, 23.  This includes the obligation to supplement discovery, including initial disclosures and responses to discovery demands.