# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>VEEVA SYSTEMS INC.,<br>Defendant. | Adv. Proc. No. 25-50220 (KBO) |

**FIRST SET OF REQUESTS FOR ADMISSIONS,
INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS OF DEFENDANT VEEVA SYSTEMS INC. TO PLAINTIFF GEORGE
MILLER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATES OF
<u>AKORN HOLDING COMPANY LLC, ET AL.</u>**

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure made applicable

to this proceeding by Rules 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Veeva Systems Inc. ("Veeva" or "Defendant"), hereby

propounds to plaintiff, George Miller, Chapter 7 Trustee of the Bankruptcy estates of Akorn

Holding Company LLC, et al. ("Trustee" or "Plaintiff"), the following Requests for Admissions,

Request for Interrogatories and Request for Production of Documents (the "Discovery Requests"),

to be answered or responded to in writing and, where required under the applicable rules, under

oath, within sixty (60) days of the date of service hereof, in accordance with the Court's June 11,

---

[1] The Debtors in these chapter 7 cases (each, a "**Debtor**" and, collectively, the "**Debtors**"), along with the last four digits of their federal tax identification numbers, and case numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

2025 Order Establishing Streamlined Procedures Governing Adversary Proceedings, Adv. Docket No. 6.

## DEFINITIONS

For the purpose of these Discovery Requests, the following words and phrases are defined as follows:

1.      "You" or "your" refers to the party upon whom this request is being served and any employees, agents, attorneys, experts, investigators, assignees, successors and subcontractors and vendors and includes the Debtors.

2.      "Adversary Proceeding" means the adversary proceeding captioned George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al. v. Veeva Systems Inc., Adv. Proc. No. 25-50220 (KBO) in the United States Bankruptcy Court for the District of Delaware.

3.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the demand or responses that which might otherwise be construed to be outside the scope.  "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."  "Any" shall be construed to include the word "each" and "all," and "all" shall be construed to include the word "any."

4.      "Answer" means the Answer and Affirmative Defenses of Veeva filed in this Adversary Proceeding.

5.      "Bankruptcy Case" means the jointly administered Chapter 7 bankruptcy proceeding filed by Debtors on February 23, 2023, in the United States Bankruptcy Court for the District of Delaware.

6.    "Communication" or "communicate" means both a documentary and any non-documentary transmission of information and the latter shall include, but not be limited to, oral statements, telephone conversations, emails, letters, memorandum, negotiations, conferences or meetings or transmittal of documents, however formal or informal.   The terms also include information relating to oral communications and written communications whether or not any such information or writings were themselves transmitted by their authority to any other person.   The term "communications" is not limited to internal communications, but includes communications between You or the Debtor and third parties and communications between or among third parties.

7.    "Complaint" means the Complaint for Avoidance and Recovery of Transfers Pursuant to 11. U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 filed February 12, 2025 in this Adversary Proceeding.

8.    "Contemporaneous Exchange" shall refer to the defense contained in 11 U.S.C. § 547(c)(1).

9.    "Correspondence" means any and all (i) letters and other written communications; (ii) memoranda; (iii) notes or reports; and (iv) copies and reproductions of the foregoing.

10.    "Debtors" shall mean, collectively and individually as appropriate, Akorn Holding Company LLC; Akorn Intermediate Company LLC; and Akorn Operating Company LLC.

11.    "Defendant" or "Veeva" means Veeva Systems Inc., the defendant in the Adversary Proceeding.

12.    "Demand Letter" shall mean the Demand Letter identified in paragraph 17 of the Complaint.

13.    "Document" or "writing" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include all written, typed, printed, recorded or graphic

statements, communications or other matter, however, produced or reproduced in the possession, custody or control of plaintiff or plaintiff's agents or representatives, including, without limitation, all: writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; proposals; draft agreements; contracts; communications; letters or other correspondence; electronic mail; internet or intranet communications; messages; telegrams; telexes; cables; transcripts; memoranda; records, notes; summaries; diaries; job records; construction records; invoices; purchase orders; change orders; proposed changes; schedules; plans; specifications; meeting minutes; recordings; sound recordings or transcripts of personal or telephone conversations; records of meetings; records of conferences or interviews; telephone toll records; desk calendars; appointment books, forecasts; accountants' work papers; drawings; graphs; charts; spreadsheets; maps; diagrams; sketches; blueprints; estimates; bid preparation materials; tables; indices; photographs; films; phonograph records; tapes; compact discs (whether storing audio, video, or computer data); microfilm; microfiche; data compilations; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of boards of directors committee or other meetings or conferences; agendas; resolutions; reports or summaries of investigation of claims or disputes; opinions or reports of consultants or experts; audits; appraisals; reports or summaries of negotiations; financial records; books; schedules; brochures; pamphlets; circulars; trade letters; press releases; bulletins; periodicals; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; computations; projections; tabulations; court or arbitration papers or pleadings; briefs; interrogatories; request for admissions; affidavits; certifications; working papers; checks (front and back); check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any

other document, writing, or other data, compilation of whatever description, including but not limited to any information contained in any computer, although not yet printed out or in the memory units containing such data from which information can be obtained or translated into reasonable usable form, and all copies, drafts and, non-identical copies of the foregoing.  The term "document" also includes data compilations or databases, including metadata, from which information can be obtained, and translated, if necessary, through detection devices in a reasonably usable form.

14.     "Historical Period" means November 25, 2020 through November 25, 2022.

15.     "Identify," "identity," or "identification" shall mean, as the context shall make appropriate:

        a.     When used with respect to a person or persons, requires a statement of the full name, present or last known residence and business address of such person or persons, and present or last known telephone number for such person or persons; if a natural person, his or her present or last known job title, current or past relationship to defendant, and the name and address of his or her present or last known employer;

        b.     When used with respect to a document or documents, requires a description of the document(s) by date, type, subject matter, name(s) of person(s) who wrote, signed, initialed, dictated or otherwise participated in the creation of the document(s), the names of the addressee(s) if any, and the name(s) and address(es) of each person or persons having present possession, custody or control of such documents.  If any such document was, but no longer is, in

your possession, custody or control, or in existence, state the name and manner of its disposal;

 c. When used with an act, occurrence, statement, circumstance or conduct (hereinafter collectively called "Act") means:

  (1) To describe the substance of the event or events constituting such Acts, and state the date such Acts occurred;

  (2) To identify each and every person participating in such Act;

  (3) To identify all persons present when such Act occurred;

  (4) To state whether any minutes, notes, memorandum or other record of such Act was made;

  (5) To state whether such record now exists; and

  (6) To identify the person(s) presently having possession, custody or control of such record.

16. "Including" means "including, but not limited to."

17. "Meeting" means any coincidence of presence of any persons, whether or not such coincidence of presence was by chance, prearranged, formal or informal, or in connection with some other activity.

18. "New Value" shall have the same meaning as it does in 11 U.S.C. § 547(a)(2) and shall refer to the defense contained in 11 U.S.C. § 547(c)(4).

19. "Ordinary Course of Business" shall refer to the defense contained in 11 U.S.C. § 547(c)(2).

20. "Person" means all individuals and entities including but not limited to natural persons, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts and estates, governmental agencies, legal or investment advisors and any other type of business, legal, or governmental entity or association, and its agents or employees.

21.     "Petition Date" means February 23, 2023.

22.     "Plaintiff" and "Defendant" as well as a person's full or abbreviated name or a pronoun referring to a person mean the person and, where applicable, its predecessors or successors in interest, divisions, subdivisions, corporate parent, subsidiaries, affiliates, directors, officers, partners, employees, representatives, associates, agents, attorneys, accountants, or any persons acting or purporting to act or who has acted on its behalf, either individually or collectively.  In the case of any document concerning, in any way, a meeting or any other conversation, all those present (whether or not they were participants) in the meeting or conversation are to be identified.

23.     "Preference Period" means the 90-day period prior to the Petition Date from November 25, 2022 through February 23, 2023, as also further identified in paragraph 14 of Plaintiff's complaint filed in this Adversary Proceeding.

24.     "Records" means any and all (i) stenographic transcripts, reports, memoranda, minutes, notes, correspondence, tests, diaries, writing and other documents; (ii) photographs; (iii) electronic recordings (including tape recordings) and communications; and (iv) copies and reproductions of the foregoing.

25.     A document or writing "relates to" or "pertains to" a particular fact, matter or event when it proves or disproves, or tends to prove or disprove, that fact, matter, or event or contains information concerning, explaining, relating to or providing a background for understanding that fact, matter or event, or is evidence of or a result of that fact, or event, or could lead to additional relevant information concerning, explaining, relating to or providing a background for understanding the fact, matter or event, or was produced, altered or signed as a part of or as a result of that fact, matter or event.

26.     "Referring or relating to" and "regarding" mean, directly or indirectly, describing, evidencing, constituting, concerning, mentioning, pertaining to, arising out of, reflecting upon, or in any way being legally, logically, or factually connected with the matter discussed.

27.     "Transfers" shall mean the transfers identified in the Complaint and more fully set forth on Exhibit A to the Complaint.

## INSTRUCTIONS

1.     You are requested to produce all responsive documents within your possession, custody, or control, or the Debtors' possession, custody, or control, or in the possession, custody or control of your or the Debtors' present or former attorneys, accountants, experts, investigators or other agents, representatives, consultants or trustees, or any other persons currently acting or who previously acted on your behalf or on the Debtors' behalf, wherever located.

2.     You are requested to produce each document requested herein with an indication of the particular paragraph(s) or subparagraph(s) hereof to which the documents respond.

3.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the demand all responses which might otherwise be construed to be outside its scope.

4.     The plural noun shall be construed as a singular noun and a singular noun shall be consisted as a plural noun, whenever necessary to bring within the scope of the demand all documents which might otherwise be construed to be outside the scope.

5.     If any documents otherwise required to be produced by this request are withheld, defendant shall identify the document by stating its date, author, recipients, and the reason for withholding.

6.      If any request for documents is deemed to call for the production of privileged or attorney work product materials, and such privilege or attorney work product is asserted, identify in writing each document so withheld and provide the following information:

      a.      The reason for withholding the document, specifying the privilege being asserted;

      b.      A statement of the basis for the claim of privilege, work product or other ground of non-disclosure;

      c.      A brief description of the document including:

           i.      The date the document was prepared or received;

           ii.     The number of pages, attachments and appendices;

           iii.    The name of its author(s), or preparer(s) and an identification by employment and title of each such person;

           iv.     The name of each person who was sent, shown or received blind or carbon copies of the document, or has had access to or custody of the document, together with an identification of each such person;

           v.      The present custodian;

           vi.     The subject matter of the document and in the case of any document relating or referring to a meeting or conversation, or identification of such meeting or conversation.

7.      With respect to any responsive document which was formerly in your possession, custody or control, or the Debtors' possession, custody or control, and has been lost or destroyed, or otherwise is no longer in your possession, custody or control, or the Debtors' possession, custody or control, state:

a. The type of document;

b. The subject matter and contents of the document;

c. The author of the document;

d. Each person to whom the original or a copy of the document was sent;

e. The date on which the document was prepared or transmitted;

f. The date on which the document was lost or destroyed and, if destroyed, the condition of and reasons for such destruction and the identity of the persons requesting, directing, and performing the destruction.

8. If there are no documents responsive to any particular request, you shall so state in writing.

9. Each paragraph and subparagraph herein should be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

10. Each request for documents seeks production of the document in its entirety, without abbreviation, modification, or redaction, including all attachments, actual, proposed, or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or other matters affixed thereto. Where anything has been deleted or redacted from a document produced in response to a document request, you shall state with specificity the nature of the material deleted or redacted and the reason for the deletion or redaction.

11. A request for documents shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the document itself.

12.     All documents should be produced in their native format and named with their bates number. The native file field in the DAT file must be populated.  All the applicable metadata fields listed below must be provided in a DAT file.

| Field Name | Description | Field Type |
|---|---|---|
| ProdVolume | Production Volume Name | Limited Text |
| Begdoc | Beginning Document Bates Number | Limited Text |
| Enddoc | Ending Document Bates Number | Limited Text |
| BegAttach | Attachment, Beginning Bates Number | Limited Text |
| EndAttach | Attachment, Ending Bates Number | Limited Text |
| Custodian | Custodian | Limited Text |
| CustDeDupe | Custodial De-Dedupe if globally de-dupped collection | Limited Text |
| PageCount | Page Count | Numeric |
| Designation | Any special designation given to the document | Limited Text |
| DateSent | Sent Date | Date |
| DateCreated | Date Created | Date |
| DateLastMod | Date Last Modified | Date |
| DateReceived | Date Received | Date |
| FolderPath | Folder Path or Email Message Directory | Limited Text |
| Filename | File name | Limited Text |
| From | From | Limited Text |
| To | To | Limited Text |
| CC | CC | Limited Text |
| BCC | BCC | Limited Text |
| Subject | Email Subject | Limited Text |
| Author | Author | Limited Text |
| FileExt | File Extension | Limited Text |
| MD5Hash | Hash Value for file | Limited Text |
| AttachCt | Number of Attachments | Numeric |
| FileSize | Size of the File | Numeric |
| Native File | Path to the Native File in Production Volume | Limited Text |

13.     Documents not available in native electronic format as described in Paragraph 12 above should be produced as single page 300 dpi group IV tiff format for black/white or single page 300 dpi tiffs with LZW compression for color, along with a certifying statement that the documents being provided are not available in the electronic format described in Paragraph 12 above. All tiff images must have a corresponding opticon .opt or .log load file.

14. Extracted text or OCR text files must be provided for all documents produced. The OCR text file should be on the document level. An OCR load file must be included as either: a comma separated text file or a control list (.lst).

15. If the event that documents are not available in native electronic format as described in Paragraph 12 above and are not available in tiff format as described in Paragraph 13 above, each document shall be provided in hard copy.

16. Each document shall be produced in such a fashion as to clearly indicate (a) the identity of the file or electronic file in which such document was located, (b) the individual (and his or her job title) and department from whose files or electronic files it was produced, and (c) the paragraph(s) or subparagraph(s) herein to which the document is responsive.

17. If any information or data is withheld because such information or data is stored electronically, it is to be identified by (a) the subject matter of the information or data, (b) the place or places where such information or data is maintained, and (c) the paragraph(s) or subparagraph(s) herein to which such information or data is responsive.

18. These requests shall be deemed continuing so as to require prompt, further and supplemental production (without further request by the propounder of this document request) if you or the Debtors locate or obtain possession, custody or control or knowledge of the location of additional responsive documents at any time prior to trial herein.

19. The purpose of these requests is to gain certain needed information in an efficient manner; it is not to put undue burden on Plaintiff. Therefore, if Plaintiff believes that any of the requests are unduly burdensome or ambiguous in any way, please notify the undersigned counsel and every attempt will be made to rephrase the request to remove any undue burden or eliminate

ambiguity. This rephrasing will be put in a reply letter which may be treated as a modification of the request.

20.     Veeva reserves the right to serve additional requests for discovery.

## REQUESTS FOR ADMISSIONS

1.     Admit that the alleged transfers identified on Exhibit "A" of the Complaint were not applied to reduce an antecedent debt owed to Veeva by the Debtors before such transfers were made.

2.     Admit that New Value was extended to the Debtors subsequent to the date on which the alleged transfers identified on Exhibit "A" of the Complaint were received.

3.     Admit that, with respect to the alleged transfers identified on Exhibit "A" of the Complaint, the number of days between the invoice date and the date on which the alleged transfers were received was consistent with the prior course of dealing between the Debtors and Veeva.

4.     With respect to the alleged transfers identified on Exhibit "A" of the Complaint, admit that the number of days between the invoice date and the date on which Veeva received the alleged transfers was consistent with the general practice of Veeva's industry.

5.     With respect to the alleged transfers identified on Exhibit "A" of the Complaint, admit that the number of days between the invoice date and the date on which Veeva received the alleged transfers was consistent with the general practice of the Debtors' industry.

6.     With respect to the alleged transfers identified on Exhibit "A" of the Complaint, admit that the alleged transfers were in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of Veeva and the Debtors.

7.     Admit that the alleged transfers identified on Exhibit "A" of the Complaint were made according to ordinary business terms.

8. Admit that the alleged transfers identified on Exhibit "A" of the Complaint were intended by Veeva and the Debtors to be a contemporaneous exchange for New Value given to the Debtors.

9. Admit that the alleged transfers identified on Exhibit "A" of the Complaint were a substantially contemporaneous exchange.

10. Admit that the Debtors were solvent when the alleged transfers identified on Exhibit "A" of the Complaint were made.

11. Admit that the elements of 11 U.S.C. Section 550 are not satisfied with respect to the alleged transfers identified on Exhibit "A" of the Complaint.

12. Admit that the Demand Letter was not delivered to Veeva.

## INTERROGATORIES

1. Identify, as defined herein, each person who participated in answering these Discovery Requests, assisted in answering, provided information, or was otherwise consulted in the preparation of responses to these Discovery Requests, the source of each person's knowledge concerning the questions for which the person answered, assisted in answering, provided the information, or was otherwise consulted, and the numbers of the questions for which each person answered, assisted in answering, provided information, or was otherwise consulted.

2. Identify all persons with knowledge of the following items and state the substance of that knowledge:

  a. The contracts, agreements, or purchase orders between the Debtors and Veeva;

b.    The terms and conditions of any agreement between the Debtors and Veeva with respect to delivery of goods and/or services provided to the Debtors by Veeva;

c.    The payments made by the Debtors with respect to the delivery of any goods and/or services provided by Veeva;

d.    Any goods and/or services provided to the Debtors by Veeva;

e.    The course of business or dealing between the Debtors and Veeva;

f.    The course of business or dealing between the Debtors and others in Veeva's industry; and

g.    The facts alleged in the Complaint or the responses and statements made in the Answer.

3.    With respect to each of the claims asserted in the Complaint, state:

a.    All facts upon which such claim is based; and

b.    The names and present or last known addresses and telephone numbers of all persons having knowledge of any of the facts set forth in the answer to subparagraph (a) hereof.

4.    Identify all contracts, agreements, or purchase orders between Veeva and the Debtors from November 25, 2020 to the present.

5.    Describe in detail and identify the payment or credit terms set forth in any contracts, agreements, purchase orders, or invoices or established by any oral communications or written documents or agreements or the course of dealing between the Debtors and Veeva from November 25, 2020 to the present.

6.      With respect to all goods and/or services Veeva provided to the Debtors from November 25, 2020 through the Petition Date, state:

      a.     The invoice number and date;

      b.     The dates on which the Debtors received the goods and/or services;

      c.     The invoice amount of each such shipment or goods and/or services;

      d.     The date on which the Debtors sent and Veeva received the payment for any such goods and/or services, including any check dates or clear dates;

      e.     The method of payment, and any identifying number associated with the payment (like a check number);

      f.     The amount of the payment;

      g.     The due date for the invoices to which such payment was applied;

7.      During the Preference Period, state as accurately as possible the Debtors' overall average number of days to pay Veeva's invoices and the range of payments of Veeva's invoices (measured from invoice date through date of payment).

8.      During the Historical Period, state as accurately as possible the Debtors' overall average number of days to pay Veeva's invoices and the range of payments of Veeva's invoices (measured from invoice date through date of payment).

9.      During the Historical Period, state as accurately as possible the Debtors' overall average number of days to pay Veeva's invoices and the range of payments of Veeva's invoices (measured from invoice date through date of payment).

10.     If you contend that the Debtors' alleged transfers to Veeva as described on Exhibit "A" to the Complaint were not in the ordinary course of business, describe in detail all of the facts upon which you or the Debtors rely in support of the contention that some or all of Veeva's

invoices cleared during the Preference Period were not paid in the ordinary course of business under 11 U.S.C. § 547(c)(2) and describe each and every document supporting your contention and identify each person having such knowledge.

11.     If you contend that the Debtors' alleged transfers to Veeva as described on Exhibit "A" to the Complaint were not paid according to ordinary business terms, describe in detail the facts upon which you or the Debtors rely in support of the contention that some or all of Veeva's invoices cleared during the Preference Period were not paid according to ordinary business terms under 11 U.S.C. § 547(c)(2) and describe each and every document supporting your contention and identify each person having such knowledge.

12.     Identify any other software companies or other companies within Veeva's industry or industries with which the Debtors previously did or currently does business.  For each such company or entity, state the nature of Debtors' business relationship and the payment terms of the relationship.

13.     Identify the range of payment that you or the Debtors contend constitutes "ordinary business terms" for accounts receivable paid by the Debtors to other software companies or other companies in the same industry or industries as Veeva.

14.     For all other software companies or other companies in the same industry or industries as Veeva with which the Debtors did business, state as accurately as possible the overall average number of days to pay such businesses invoices (measured from invoice date through date of payment).

15.     Identify any and all terms of credit that were extended in writing to Debtors during the period from November 25, 2020 through the Petition Date by its vendors.

16.    Identify any and all terms of credit that were extended in writing to the Debtors by software companies or other companies in the same industry or industries as Veeva during the period from November 25, 2020 through the Petition Date.

17.    Identify all New Value by date, invoice number, dollar amount, and entity, provided by Veeva, to or for the benefit of Debtors during the Preference Period, regardless of whether such New Value was "paid" or "unpaid."

18.    Identify as defined herein, each person you intend to call as a fact witness at any trial or hearing in this matter, your relationship with the witness, and state the subject matter on which each such witness is expected to testify.

19.    Identify each person you ever retained or specifically employed to provide expert testimony in this matter or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify.

20.    Identify all facts upon which you rely in alleging in Paragraph 31 of the Complaint that the transfers identified on Exhibit "A" to the Complaint were made while Debtor was insolvent and describe each and every document supporting your contention and identify each person having such knowledge.

21.    Identify all facts upon which you rely in alleging in Paragraph 33 of the Complaint that the transfers identified on Exhibit "A" to the Complaint enabled Veeva to receive more than Veeva would have received if: (i) Debtors' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the alleged transfers had not been made; and (iii) Veeva received payment on account of the debt paid by the alleged transfers to the extent provided by the provisions of the Bankruptcy Code, and describe each and every document that supports your contention, and identify each person having such knowledge.

22.     With respect to the Requests for Admission, with respect to each request, any portion thereof, which you have not admitted unqualifiedly, identify each such Request, or portion thereof, that you do not admit unqualifiedly, and state specifically what you do not admit (or want to qualify) and precisely why. State all facts, identify all persons who have knowledge of the stated facts, and identify all documents which support your answer to this Interrogatory and your denial or partial denial of a Request for Admission.

23.     If you contend that the contemporaneous exchange defense does not apply to the Debtors' alleged transfers to Veeva as described on Exhibit "A" to the Complaint, (1) state each and every fact that would support that such transfers were not (A) intended by the Debtors and Veeva to be a contemporaneous exchange for New Value given to the Debtors; and (B) in fact substantially contemporaneous, and (2) describe each and every document supporting your contention, and identify each person having such knowledge.

24.     If you contend that the New Value defense does not apply to the Debtors' alleged transfers described on Exhibit "A" to the Complaint, (1) state each and every fact that would support that Veeva did not give New Value to or for the benefit of the Debtors after the transfers (A) which was not secured by an otherwise unavoidable security interest; and (B) on account of which New Value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Veeva; and (2) describe each and every document supporting your contention, and identify each person having such knowledge.

25.     Identify all facts upon which you rely in support of Count II in your Complaint and identify all facts, identify all persons who have knowledge of the stated facts, and identify all documents which support your allegations and Count II.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.      Provide all documents requested to be identified or which you have identified in the above Interrogatories or Requests for Admissions.

2.      Provide all documents reviewed, related to, relied upon, or used in responding to Veeva's Interrogatories or Requests for Admissions set forth above or that support or refute your responses to Veeva's Interrogatories or Requests for Admission.

3.      Provide all documents that support, evidence, refer to, or relate to the allegations made in your Complaint or the alleged transfers identified on Exhibit "A" to the Complaint.

4.      Provide all documents that refer, or relate to, or reflect any and all communications between the Debtors and Veeva from November 25, 2020 through the Petition Date or relating to any of the alleged transfers identified on Exhibit "A" to the Complaint.

5.      Provide all correspondence between the Debtors and Veeva from November 25, 2020 to the present.

6.      Provide all contracts or agreements, whether actual or proposed, between the Debtors and Veeva from November 25, 2020 through the Petition Date.

7.      Provide all purchase orders, whether actual or proposed, between the Debtors and Veeva from November 25, 2020 through the Petition Date.

8.      Provide all documents that refer to or relate to all contracts, agreements, or purchase orders, whether actual or proposed, between the Debtors and Veeva from November 25, 2020 through the Petition Date.

9.      Provide all documents that refer, or relate to, or reflect the terms and conditions or payment terms under which Veeva provided goods and/or services to the Debtors from November 25, 2020 through the Petition Date.

10. Provide all documents that refer to or relate to or reflect the terms and conditions or payment terms under which other software companies or others in Veeva's industry or industries provided goods and/or services to the Debtors during the period from November 25, 2020 through the Petition Date.

11. Provide copies of all invoices, communications, and other documents (collectively the "Agreements") referred to in Paragraph 30 of the Complaint.

12. Provide all documents that refer to, or relate to, or reflect any amounts owed to Veeva as of November 25, 2020 and continuing through the Petition Date.

13. Provide all documents that refer to, relate to, or reflect any goods, services, obligations, outstanding deliverables, work or performance owed by Veeva to Debtors from November 25, 2020 through the Petition Date.

14. Provide all documents that refer to, relate to, or reflect any goods, services, obligations, outstanding deliverables, work or performance that were owed or remain owed by Veeva to Debtors since the Petition Date.

15. Provide all documents that refer, or relate to, or reflect payments made to Veeva by the Debtors for goods or services provided by Veeva to the Debtors during the period from November 25, 2020 through the Petition Date including, without limitation, all books of general ledger, general journal, accounts receivable ledgers, statements of account, account histories, bank statements or records, checks, cashier checks, wire transfer information, ACH transfers, direct deposits, money orders, check swaps, remittance advices, and any documents from the Bank Accounts as that term is defined in paragraph 14 of the Complaint.

16. Provide any and all entries, reports, analyses, summaries, statements, or documents that refer or relate to Veeva, the allegations in the Complaint, the alleged transfers referred to on

Exhibit "A" to the Complaint, the Answer, the payments made by the Debtors to Veeva, or the goods or services provided by Veeva to the Debtors.

17.     Provide any and all entries, reports, analyses, summaries, statements, or documents from the Bank Accounts, as that term is defined in Paragraph 14 of the Complaint, that refer or relate to Veeva, the allegations in the Complaint, the Answer, the alleged transfers referred to on Exhibit "A" to the Complaint, the payments made by the Debtors to Veeva, or the goods or services provided by Veeva to the Debtors.

18.     Provide all documents that refer to, relate to or reflect any goods and/or services provided by Veeva to the Debtors from November 25, 2020 through the Petition Date.

19.     Provide all invoices sent to the Debtors by Veeva during the period from November 25, 2020 through the Petition Date.

20.     Provide all documents that refer to, relate to or reflect the dates on which the Debtors sent or on which Veeva received each of the alleged transfers identified on Exhibit "A" of the Complaint.

21.     Provide all documents that refer to, relate to, or reflect the dates on which Veeva provided goods and/or services provided by Veeva to the Debtors from November 25, 2020 through the Petition Date.

22.     If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint was not intended by the parties and did not constitute a contemporaneous exchange in for New Value, provide all documents that support this contention.

23.     If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not in payment of a debt or debts incurred by the Debtors in the ordinary course

of business or financial affairs of Veeva and the Debtors, provide all documents that support your contention.

24. If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not made in the ordinary course of business or financial affairs of Veeva and the Debtors, provide all documents that support your contention.

25. If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not made in accordance with the ordinary business terms, provide all documents that support your contention.

26. If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not made in accordance with the ordinary business terms prevailing for software companies or in Veeva's industry or industries, provide all documents that support your contention.

27. If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not made in accordance with ordinary business terms prevailing in the Debtors' industry, provide all documents that support this contention.

28. If you contend that Veeva did not provide New Value to the Debtors after all of the alleged transfers identified on Exhibit "A" to the Complaint, provide all documents that support your contention.

29. Provide all reports, summaries, analyses, calculations, assessments, or documents concerning, evidencing, supporting, or relating to the typical, average or standard time period between the date of invoice by Veeva and the date of corresponding payment by the Debtors for any payment made by the Debtors to Veeva from November 25, 2020 through the Petition Date.

30.     Provide all reports, summaries, analyses, calculations, assessments, or documents concerning, evidencing, supporting, or relating to the range of payments between the date of invoice by Veeva and the date of corresponding payment by the Debtors for any payment made by the Debtors to Veeva from November 25, 2020 through the Petition Date.

31.     Provide all reports, summaries, analyses, calculations, assessments, or documents concerning, evidencing, supporting, or relating to the typical, average or standard time period or range of payments between the date of invoice by other software companies or other companies in the same industry or industries as Veeva and the date of corresponding payment by the Debtors for any payment made by the Debtors to those entities from November 25, 2020 through the Petition Date.

32.     Provide all reports, summaries, analyses, calculations, assessments, or documents concerning, evidencing, supporting, or relating to the range of payments between the date of invoice by other software companies or other companies in the same industry or industries as Veeva and the date of corresponding payment by the Debtors for any payment made by the Debtors to those entities from November 25, 2020 through the Petition Date.

33.     Provide all documents which support your responses to the Interrogatories not otherwise provided in response to other Requests for Documents.

34.     Provide a copy of any company file held by Debtors for Veeva.

35.     Provide all documents that refer to, or relate to or reflect any interview conducted by you or on your behalf with respect to the transactions and/or occurrences described in the Complaint.

36.    Provide any statements concerning this litigation, from all witnesses, including any statements from the Debtors, the parties herein or their respective agents, servants, or employees, or representatives.

37.    Provide the entire contents of any investigation file or files and any other documentary material which relate to the investigation concerning the subject matter of the Complaint, the Answer, or any other circumstances or transactions that are the subject of this Adversary Proceeding.

38.    With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case, provide:

   a.    All documents provided to or reviewed by the expert;

   b.    A current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

   c.    All reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

   d.    All documents upon which the expert's findings, conclusions and/or opinions are based; and

   e.    All exhibits to be used as a summary of or as support for the expert's findings, conclusions and/or opinions.

39.    Provide all documents that you intend to introduce into evidence at the trial of this action.

40.    Provide all documents, including but not limited to a liquidation analysis or calculation, that support any contention that the alleged transfers enable Veeva to receive more than Veeva would have received if the alleged transfers had not been made.

41. Provide all documents upon which you rely in alleging that the Debtors were insolvent at the time of the transfers described on Exhibit "A" to the Complaint.

42. Provide all documents that refer to or relate to the Debtors' payment policies in effect from November 25, 2020 through the Petition Date, including but not limited to payment policies concerning any transaction with Veeva from November 25, 2020 through the Petition Date.

43. Provide all documents that refer to or relate to collection efforts or requests for payment made by Veeva to the Debtors from November 25, 2020 through the Petition Date.

44. Provide all reports, summaries, analyses, calculations, assessments, or documents concerning or relating to any issues raised in this Adversary Proceeding.

Dated: July 28, 2025          **ROBINSON & COLE LLP**

*/s/ Michael Barber*
Michael Barber (No. 7158)
1201 N. Market Street, Suite 1406
Wilmington, DE 19801
Telephone: (215) 398-0561
Email: mbarber@rc.com

and

**QUARLES & BRADY LLP**

*/s/ Brittany S. Ogden*
Brittany S. Ogden (SBN 1035853)
33 East Main St., Suite 900
Madison, WI 53703
Telephone: (608) 251-5000
Email: brittany.ogden@quarles.com
*Attorneys for Veeva Systems Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br>        Plaintiff,<br>        v.<br><br>VEEVA SYSTEMS, INC.,<br><br>        Defendant. | Adv. Proc. No. 25-50220 (KBO) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to the above-captioned adversary proceeding (this "Adversary Proceeding") by Rules 7026, 7033, 7034 and 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Plaintiff requests that within 60 days of service hereof that the above-captioned defendant, (the "Defendant") (i) answer the following interrogatories (each an "Interrogatory" and collectively, the "Interrogatories") in writing, separately, and under oath, and (ii) respond to the following requests for production of documents (each a "Document Request" and collectively, the "Document Requests"), (iii) produce responsive documents to Plaintiff at its counsel's office: **Saul Ewing LLP, 1201 N. Market Street, 23rd Floor, Wilmington, Delaware**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Ct., Gurnee, IL 60031.

**19801, Attn: Evan T. Miller**, and (iv) respond to the requests for admissions (each a "Request for Admissions" and collectively, the "Requests for Admissions").  The Interrogatories, Document Requests and Requests for Admissions (collectively, the "Discovery Requests") are to be read and responded to in accordance with the following Definitions and Instructions.

## DEFINITIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

A.     "You", "Your", or "Defendant" means the above-captioned defendant, and includes any predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, and any and all other Persons acting on behalf of, acting for, purporting to act for, or subject to or under the control of any such entity, together with their officers, directors, employees, agents, attorneys, associates and representatives.

B.     "Adversary Proceeding" means the above-captioned adversary proceeding.

C.     "Cases" means the jointly administered bankruptcy cases, styled *In re Akorn Holding Company LLC, et al.,* Case No. 23-10253 (KBO), pending in the United States Bankruptcy Court for the District of Delaware.

D.     "Communication" or "Communications" means every manner of transmitting or receiving facts, information, opinions or thoughts (including but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings, document transmittals, facsimiles, emails or any other method by which information is transmitted.

E.     "Complaint" means the Complaint filed by Plaintiff in the above-captioned

2

Adversary Proceeding [Adv. D.I. 1], commencing this Adversary Proceeding.

F.        "Concerning", "concern," or any other derivative thereof, shall be construed as referring to, responding to, relating to (as defined herein), pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

G.        "Contract" or "contracts" means (i) an agreement, oral or written, between two or more Persons which creates an obligation to do or not to do a particular thing, and (ii) any document which serves as proof of an obligation, including, without limitation, any subcontract, insurance policy or other formal agreement, including exhibits, attachments, amendments and addenda, along with any and all drafts of said documents whether or not such drafts were incorporated into a final executed version.

H.        "Debtor" or "Debtors" as the context may require, means Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC, and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, representatives, and any and all other Persons acting on behalf, acting for, purporting to act for, or subject to or under the control of any Debtor, or its predecessors or successors.

I.        "Document", "documents", or "documentation" means the original or a copy of any tangible thing from or on which Information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form and including, but not being limited to: accounting books or records; accounts; account statements; affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer

3

printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored Information, e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations, notebooks; notes; objects; opinions; papers; photographs; policies; PowerPoint presentations; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere. Your search for electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs,

backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

J.      "ESI" means any and all electronically stored information, including e-mails, texts, writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as set forth in Federal Rules 26 and 34, made applicable to this Adversary Proceeding pursuant to Bankruptcy Rules 7026 and 7034.

K.      "Information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

L.      "Person" means any natural person, firm, partnership joint venture, corporation, or group of natural persons or such entities.

M.      "Petition Date" means February 23, 2023.

N.      "Preference Period" means the ninety (90) days prior to the Petition Date, from November 25, 2022 through February 23, 2023.

O.      "Pre-Preference Period" means between November 25, 2020 and November 25, 2022.

P.      "Relating to," "related," "relating" or "regarding" means, directly or indirectly, referring to, mentioning, describing, pertaining to, arising out of, or in connection with, or in any way legally, logically, or factually connected with the matter discussed.

Q.      "Transfers" shall have the meaning given to such term in the Complaint.

R.      When referring to a Person, the term "Identify" shall mean to give, to the extent

5

known, the person's full name, present or last known address, present of last known telephone number, present or last known e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

S.    When referring to a document, the term "Identify" shall mean to state, to the extent possible and to the best of Your ability, the type of document as defined herein, the subject matter thereof, the date thereof, by whom it was written or prepared, by whom it was signed, to whom it was sent, the present location (name and address of place) thereof, and the present custodian of the original or copies thereof, so that the document is described in sufficient enough detail that it could be subject to a request for production of documents under the applicable rules of civil procedure. If any such document was, but no longer is, in Your possession or subject to Your control, state the disposition of the document.

T.    When referring to a communication other than a document, the term "Identify" shall mean to describe to the extent possible and to the best of Your ability the communication in such a manner that all the following Information is provided:  (i) whether the communication took place in person, by telephone, via e-mail, or otherwise; (ii) if by telephone, the identity of the Person originating the call, the identity of the Person receiving the call, the identity of all other Persons participating in the communication, and the location of each of those Persons at the time of the communication; and the identity of all other Persons present within hearing of any party to the communication; (iii) if by e-mail, the identity, including name and e-mail address, of the Person originating the e-mail; the identity or identities, including name and e-mail address, of all recipients; both intended and unintended, and including persons to whom blind copies were sent,

6

of the e-mail communication; the date and time of the communication; all replies to and forwards of the original communication; the subject of the email communication; and the identity and physical location of the computer, network, or server from which the e-mail was sent; (iv) in person, the identity of all Persons present during the communication and the location of the communication; (v) the date and time of the communication; (vi) to the best of Your recollection, what was said by each party to the communication; and (vii) the identity of the custodian of any document that recorded, summarized, or concerned the communication.

U.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery all responses that might otherwise be construed to be outside of its scope.

V.      The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

W.      The use of the singular form of any word includes the plural and vice versa.

X.      The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

### INSTRUCTIONS

A.      The Discovery Requests are continuing so as to require supplementation if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. supplementary information in response to Interrogatories and documents in response to Document Requests shall be served and/or produced reasonably promptly after receipt or discovery of such information or documents.

7

B.      Your duty to respond to the Discovery Requests includes furnishing all information, documents and materials which are in Your possession, custody or control or otherwise available to You, including all information, documents and materials which can be obtained from additional sources or in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on Your behalf.  If You are unable to locate any requested information or document after exercising due diligence to secure such information or document, then You are required to so state and include all relevant details regarding Your efforts to locate any such requested information or documents.

C.      In the event that any Document requested herein is not presently in Your possession or subject to Your control, please identify each person You have reason to believe had or has possession of such Document or knowledge of its contents.

D.      If any Document is produced under a claim of privilege or discovery doctrine, for each such Document identify the nature of the privilege or discovery doctrine that is being claimed, indicate the Document Request to which the Document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of Document, including the number of pages, and attachments or appendices; (ii) the date of the Document; (iii) the author of the Document; (iv) each addressee of the Document, and, where not apparent, the relationship of the author and the addressee(s) to each other; (v) the general subject matter of the Document; and (vi) such other information sufficient to identify the Document for a subpoena *duces tecum*.

E.      In the event You assert common interest privilege as a ground for non-production of any Document or provision of any information in response to the Discovery Requests, state the date of such executed common interest agreement, the general subject matter thereof, parties to

8

such common interest agreement, and produce a copy of such agreement.

F.    In the event that any Document responsive to a Document Request has been destroyed, discarded, or otherwise disposed of, identify the Document by stating its: (i) author or preparer; (ii) addressee(s); (iii) indicated or blind copies; (iv) date; (v) subject matter; (vi) number of pages; (vii) attachments or appendices; (viii) all Persons to whom it was distributed to or shown; (ix) date of destruction of other disposition; (x) manner of destruction or other disposition; (xi) reason for destruction or other disposition; (xii) Person destroying or disposing of the Document; and (xiii) the Document Request or Document Requests to which the Document is responsive.

G.    Documents produced in response to these Discovery Requests shall be in full, without abridgment, abbreviation, or expurgation.

H.    To the extent this request seeks production of ESI, such information should be produced in its Native Format, on a hard drive or other digital storage media that does not otherwise detract from the original format of the files, or that by default may exclude or somehow alter any metadata associated with said files. The information produced should include any original or existing full file path, file or fold structure, or other source referencing data, and be fully inclusive of all supporting and underlying data, the absence of which would render the information incomplete or unusable.  For purposes of this Instruction, the term "Native Format" shall mean the format that the data was originally created in.  This should include, but not limited to, information about the software that the data was created in, stored in, or was used, or is used to read, write, alter, modify, or in any way change or manipulate the data.

I.    All archived data being produced in response to the Discovery Requests should be provided with the means to view and export such data. Paper Documents that are not otherwise contained, stored, or recoverable by electronic means should be provided either in paper format,

9

or via a scanned image in a .TIFF format. Colored pages, photographs or other material among such paper Documents that would otherwise loose the color format should be scanned in .JPEG or other standard color format.

J.      All Documents shall be produced as they are kept in the usual or ordinary course of business with any identifying labels, file markings or similar identifying features, and shall be organized and segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein, pursuant to Federal Rule 45, made applicable to this Adversary Proceeding by Bankruptcy Rule 9016.

K.      Unless otherwise specifically indicated, the period from **November 25, 2020 and forward**, shall apply to all Discovery Requests, and information and Documents that relate to such period shall be produced even if prepared, generated or published prior to that period.

**INTERROGATORIES**

1.      State the full name, address, and relationship to the Defendant of each person who prepared or assisted in the preparation of Your responses to these Interrogatories, Responses to the Requests for Admission, and the Responses to the Requests for Production of Documents.

2.      State whether You received any Transfers of money or property from any of the Debtors during the Preference Period; and, if You did, identify each such Transfer by: (i) the nature and date(s) of the goods or services provided to which each such Transfer relates, (ii) the invoice number(s) to which each such Transfer relates, (iii) the date(s) the obligations were incurred to which each such Transfer relates, (iv) the date(s) upon which payment was due to which each such Transfer relates, (v) the date on which You received each such Transfer, and (vi) the date on which, if the obligation was paid by check, You deposited such check into Your bank account.

3.      With respect to the Transfers as alleged on **Exhibit A** to the Complaint, state whether You: (i) received each such Transfer, (ii) disagree with the information provided with respect to any of such Transfer, and (iii) if You disagree with any of the information provided with respect to any of the Transfers, identify the information with which You disagree and state what You contend is the applicable information with respect to such Transfer.

4.      If You do not admit or otherwise believe that Plaintiff can establish each element of a claim under 11 U.S.C. § 547(b) then for any such element state in complete detail: (i) the facts upon which You rely in connection therewith, and (ii) any investigation You conducted before so concluding.

5.      If You contend that any of the Transfers You received during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(2) then state in complete detail all facts concerning whether each such Transfer was made in the ordinary course of business pursuant

to 11 U.S.C. §547(c)(2), including, without limitation, all facts evidencing the Transfers (i) were made in the ordinary course of business or financial affairs of the Debtor and You, or (ii) were made according to ordinary business terms.

6.      Identify Your industry for the purposes of 11 U.S.C. §547(c)(2)(B) and provide the applicable NAICS and/or SIC code.

7.      If You contend that any of the Transfers You received during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(4) then state in complete detail all facts upon which You rely in asserting that (i) You provided subsequent new value to the Debtors, (ii) the amount of such subsequent new value, and (iii) identify the Transfers that are rendered unavoidable on account of such subsequent new value.

8.      If You contend that any of the Transfers You received as set forth in **Exhibit A** of the Complaint were made for reasonably equivalent value, then state in complete detail all the facts upon which You rely in asserting that You provided reasonably equivalent value, including the nature and value of the goods or services provided and the date provided, and the Person to who that value was provided.

9.      If You contend that any of the Transfers You received during the Preference Period are protected from avoidance and/or recovery pursuant to any other defense provided by 11 U.S.C. §§ 546, 547(c), 550 or otherwise under applicable law then identify each such defense and state in complete detail all facts concerning each such defense.

10.     Identify all persons with knowledge of the facts upon which You rely in connection with any defense You have to avoidance and/or recovery of any of the Transfers.

11.     Identify all Documents that You intend to introduce into evidence or use as a demonstrative exhibit at trial of this Adversary Proceeding.

12.     Identify each person You expect to call as a fact witness at trial of this Adversary Proceeding and state the subject matter(s) upon which each such witness is expected to testify.

13.     Identify each person You expect to call as a non-expert opinion witness at trial of this Adversary Proceeding and state the subject matter(s) upon which each such witness is expected to testify.

14.     Identify each person You expect to call as an expert witness at trial of this Adversary Proceeding and state the subject matter(s) upon which each such witness is expected to testify.

15.     Describe generally the nature of Your relationship to the Debtors, including how long such relationship existed, which Debtor(s) purchased the goods and/or services that were paid by the Transfers, and what type of goods and/or services You provided to Debtors, if any.

16.     If You contend that You are not the initial transferee of any Transfer referred to in the Complaint, or that You are not the entity for whose benefit any such Transfer referred to in the Complaint was made, then state all facts in support of such contention, including the identity of any such transferee and the basis upon which the transferee was allegedly entitled to receive the Transfer.

17.     Identify and describe any and all efforts by You during the Pre-Preference Period and during the Preference Period to collect any debts owed form the Debtors to You, including, but not limited to, any correspondence, letters, dunning notices, emails, telephone calls, facsimiles, and/or other communications between You and Debtors.

## REQUESTS FOR PRODUCTION

1.      All Contracts, agreements, invoices, purchase orders, or other Documents evidencing the terms of Your business relationships with any of the Debtors.

2.      All Communications between You and any of the Debtors concerning Your business relationship with any of the Debtors.

3.      All Communications during the Preference Period between You and any of the Debtors concerning any amounts due from any of the Debtors to You.

4.      All Communications during the Pre-Preference Period between You and any of the Debtors concerning any amounts due from any of the Debtors to You.

5.      All Communications during the Preference Period between You and any of the Debtors relating to payment of any amounts due from any of the Debtors to You.

6.      All Communications during the Pre-Preference Period between You and any of the Debtors relating to payment of any amounts due from any of the Debtors to You.

7.      All Communications during the Preference Period between You and any of the Debtors concerning any amounts due to any of the Debtors from You.

8.      All Communications during the Pre-Preference Period between You and any of the Debtors concerning any amounts due to any of the Debtors from You.

9.      All Documents that show the timing, amount and manner of any payments by any of the Debtors to You during the Pre-Preference Period.

10.      All Documents that show the timing, amount and manner of any payments by any of the Debtors to You during the Preference Period.

11.      All Documents supporting any claim You have in the Cases including, but not limited to, a filed proof of claim.

14

12. All Documents evidencing or relating to any disagreement You may have with the information provided with respect to any of the Transfers included on **Exhibit A** to the Complaint.

13. All Documents evidencing or relating to any element that You contend Plaintiff cannot establish under 11 U.S.C. § 547(b) in respect of any of the Transfers included on **Exhibit A** to the Complaint.

14. All Documents evidencing or relating to any contention by You that any of the Transfers You received during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(1).

15. All Documents evidencing or relating to any contention by You that any of the Transfers You received during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(2).

16. All Documents evidencing or relating to any contention by You that any of the Transfers You received during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(4).

17. All Documents evidencing or relating to any contention by You that any of the Transfers You received during the Preference Period are protected from avoidance and/or recovery pursuant to any other defense provided by 11 U.S.C. §§ 546, 547(c), 550 or otherwise under applicable law.

18. If you contend that you are not the initial transferee of any Transfer referred to in the Complaint, or that you are not the entity for whose benefit any such Transfer referred to in the Complaint was made, then provide all documents evidencing or relating to any initial transferee or any entity for whose benefit any such Transfer was made.

15

19.     The curriculum vitae and any and all reports prepared by each expert retained by You in this Adversary Proceeding, and all documents referred to or relied upon by each such expert in preparing such expert's reports.

20.     All Documents upon which You intend to rely or introduce into evidence to support any affirmative defense or argument set forth in Your Answer to the Complaint and not produced in response to the preceding requests.

21.     Any documents relied upon in the preparation of your responses to Plaintiff's Interrogatories.

**REQUESTS FOR ADMISSIONS**

1.      Admit that You received all the Transfers identified in **Exhibit A** to the Complaint.

2.      Admit that You benefited from receipt of the Transfers identified in **Exhibit A** to the Complaint.

3.      Admit that You were a creditor of the Debtors at the time the Transfers were made.

4.      Admit that each of the Transfers were made on account of an antecedent debt owed by the Debtors to You with respect to which such Transfer relates.

5.      Admit that you did not provide reasonably equivalent value for the Transfers.

6.      Admit that the Debtors were insolvent at the time of the Transfers.

7.      Admit that as of the date of these Requests for Admission, You have not returned any of the Transfers to the Debtors.

8.      Admit that You requested payment from the Debtors relating to the Transfers.

9.      Admit that You advised the Debtors that You would not continue to provide further goods or services without payment of outstanding invoices.

10.     Admit that prior to the Petition Date, Your collections department or, someone on behalf of your collections department, was communicating with the Debtors.

11.     Admit that the value of any goods and/or services provided by you to the Debtors during the Preference Period was less than $596,364.00.

12.     Admit that You received notice of the Cases on or about the Petition Date.

13.     Admit Your collections department, or someone on behalf of Your collections department, handles receivables when a customer is not paying within terms.

14.     Admit that the Debtors were not paying You within their stated terms during the Preference Period.

17

15.    Admit that You are the initial Transferee of the Transfers.

16.    Admit that You are the person for whose benefit the Transfers were made.

17.    Admit that You filed a timely proof of claim in the Cases.

18.    Admit that, to date, You did not receive payment on any portion of the proof of claim You filed in the Cases.

Dated: July 28, 2025                          **SAUL EWING LLP**

                                              */s/ Evan T. Miller*
                                              Evan T. Miller (DE Bar No. 5364)
                                              Paige N. Topper (DE Bar No. 6470)
                                              1201 N. Market Street, Suite 2300
                                              Wilmington, DE 19801
                                              Telephone:  (302) 421-6800
                                              evan.miller@saul.com
                                              paige.topper@saul.com

                                              and

                                              Michelle G. Novick (admitted pro hac vice)
                                              161 North Clark Street, Suite 4200
                                              Chicago, IL 60601
                                              Telephone: (312) 876-7899
                                              michelle.novick@saul.com

                                              and

                                              Turner N. Falk (admitted pro hac vice)
                                              1500 Market Street, 38th Floor
                                              Philadelphia, PA 19102
                                              Telephone: (215) 972-8415
                                              turner.falk@saul.com

                                              *Counsel to Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | Adv. Proc. No. 25-50220 (KBO) |
| Plaintiff, | |
| v. | |
| VEEVA SYSTEMS INC., | |
| Defendant. | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT VEEVA SYSTEMS
INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Plaintiff George L. Miller, as Chapter 7 Trustee ("Plaintiff") for the estates of Akorn

Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC

(collectively, the "Debtors"), by and through his undersigned attorneys, hereby responds to the

First Set of Requests for Admissions, Interrogatories, and Request for Production of Documents

(collectively, the "Requests," and each, a "Request") propounded by defendant Veeva Systems Inc.

(the "Defendant" or "Veeva"). Plaintiff responds as follows:

---

[1]    The Debtors in the chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

1

## General Responses and Objections

1. By making the responses and objections herein, Plaintiff does not waive, and hereby expressly reserves, all rights to assert any and all objections as to admissibility of proffered evidence in the above-captioned adversary proceeding (the "Adversary Proceeding") on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Plaintiff makes the responses herein to specific Requests without admission or implication that they concede any Request as seeking documents relevant or material to any disputed issues of material fact in this Adversary Proceeding or as admissible into evidence in this Adversary Proceeding.

2. None of the responses below is an admission relative to the truth or accuracy of any statement or characterization contained in any of the instructions or definitions, and/or any of the Requests. By responding to the Requests, Plaintiff does not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained therein.

3. Plaintiff has made reasonable effort to provide complete responses to the Requests. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections, privileges or discovery doctrines, in one or more subsequent supplemental response(s).

4. Where necessary, and as noted in the Responses below, Plaintiff has identified and applied reasonably relevant and appropriate search terms to their review of Electronically Stored Information ("ESI") in their possession, custody, and control to identify discoverable material responsive to the Requests. Defendant did not suggest in the Requests, nor has it subsequently suggested to Plaintiff, any search terms that it considers as applicable. Plaintiff reserves all rights with respect to ESI discovery.

5. Any response to a Request to the effect that responsive documents may or will be produced does not necessarily mean that any such documents actually exist or are in Plaintiff's

2

possession, custody, or control, but rather that Plaintiff shall produce responsive documents only if they both exist and are in Plaintiff's possession, custody, or control.

6.      Plaintiff objects to a Request to the extent it seeks "all" and "each" document as such a request is inherently overbroad and unduly burdensome not consistent with the discovery needs for this Adversary Proceeding. Plaintiff nevertheless will respond to the best of their ability and, based upon reasonable and diligent searches and inquiries, attempt to locate and identify responsive items which they will produce and/or make available for inspection and copying.

7.      Plaintiff objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the applicable Rules and Orders of this Court.

8.      Plaintiff objects to each instruction, definition, and Request (a) that is not relevant to any party's claim or defense, (b) that is overly broad, unduly burdensome, and/or oppressive, (c) for which the response would require undue and/or unreasonable cost or expense, and/or (d) that is not reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiff objects to each instruction, definition, and Request to the extent that it seeks documents or information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or doctrine.

10.      Any inadvertent production or disclosure by Plaintiff of documents or information protected from disclosure by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence, the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, doctrine, or immunity, shall not constitute a waiver by Plaintiff of any such rules, laws, privileges, immunities, or doctrines.

3

11.     Plaintiff objects to each instruction, definition, and Request to the extent that it purports to impose any obligations on Plaintiff either to create documents or to obtain or disclose the existence of documents from any non-parties to this Adversary Proceeding.

12.     Plaintiff objects to any Request to the extent that it calls for legal conclusions or otherwise attempts to re-cast legal issues as factual matters.

13.     Plaintiff objects to any Request to the extent that it seeks admission of facts solely within the knowledge of other persons or entities, or from knowledge which can be derived solely from documents in the custody, possession, and control of other persons or entities. Plaintiff further objects to any Request to the extent that it purports to require Plaintiff to access or to seek access to information or documents not in Plaintiff's possession, custody, or control and/or already in the possession, custody and control of the Defendant.

14.     Plaintiff objects to any Request to the extent that it seeks to require Plaintiff to disclose or produce confidential or proprietary documents, financial information, and/or other information or documents, which are otherwise confidential within the meaning of applicable rules of procedure.

15.     Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that Request.

4

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS**

1.      Admit that the alleged transfers identified on Exhibit "A" of the Complaint were not applied to reduce an antecedent debt owed to Veeva by the Debtors before such transfers were made.

**RESPONSE: Plaintiff objects to this Request as vague and ambiguous and as calling for a legal conclusion concerning "antecedent debt." Subject to and without waiving the foregoing objections and General Objections, Plaintiff denies the Request. The Debtors' books and records reflect that the transfers identified on Exhibit A were applied to antecedent obligations for goods and/or services previously provided by Veeva.**

2.      Admit that New Value was extended to the Debtors subsequent to the date on which the alleged transfers identified on Exhibit "A" of the Complaint were received.

**RESPONSE: Plaintiff objects to this Request as vague and ambiguous as to "New Value," and as calling for legal conclusions under 11 U.S.C. § 547(c)(4). Subject to and without waiving the foregoing objections and General Objections, denied.**

3.      Admit that, with respect to the alleged transfers identified on Exhibit "A" of the Complaint, the number of days between the invoice date and the date on which the alleged transfers were received was consistent with the prior course of dealing between the Debtors and Veeva.

**RESPONSE: Plaintiff objects to this Request as vague and ambiguous as to the phrase "consistent with the prior course of dealing," and as assuming facts not in evidence. Subject to and without waiving the foregoing objections and General Objections, denied.**

4.      With respect to the alleged transfers identified on Exhibit "A" of the Complaint, admit that the number of days between the invoice date and the date on which Veeva received the alleged transfers was consistent with the general practice of Veeva's industry.

**RESPONSE: Plaintiff objects to this Request as calling for expert or industry-wide analysis and as vague and ambiguous as to the definition of "Veeva's industry." Subject to and without waiving the foregoing objections and General Objections, denied.**

5.      With respect to the alleged transfers identified on Exhibit "A" of the Complaint, admit that the number of days between the invoice date and the date on which Veeva received the alleged transfers was consistent with the general practice of the Debtors' industry.

5

**RESPONSE:  Plaintiff objects to this Request as calling for expert or industry-wide analysis and as vague and ambiguous as to the definition of "Debtors' industry." Subject to and without waiving the foregoing objections and General Objections, denied.**

6.     With respect to the alleged transfers identified on Exhibit "A" of the Complaint, admit that the alleged transfers were in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of Veeva and the Debtors.

**RESPONSE:  Plaintiff objects to this Request as calling for a legal conclusion under 11 U.S.C. § 547(c)(2). Subject to and without waiving the foregoing objection and General Objections, denied.**

7.     Admit that the alleged transfers identified on Exhibit "A" of the Complaint were made according to ordinary business terms.

**RESPONSE:  Plaintiff objects to this Request as calling for a legal conclusion under 11 U.S.C. § 547(c)(2)(B) and as vague and ambiguous as to "ordinary business terms." Subject to and without waiving the foregoing objections and General Objections, denied.**

8.     Admit that the alleged transfers identified on Exhibit "A" of the Complaint were intended by Veeva and the Debtors to be a contemporaneous exchange for New Value given to the Debtors.

**RESPONSE:  Plaintiff objects to this Request as vague and ambiguous as to "New Value," and as calling for a legal conclusion under 11 U.S.C. § 547(c)(1). Subject to and without waiving the foregoing objections and General Objections, denied.**

9.     Admit that the alleged transfers identified on Exhibit "A" of the Complaint were a substantially contemporaneous exchange.

**RESPONSE:  Plaintiff objects to this Request as calling for a legal conclusion under 11 U.S.C. § 547(c)(1). Subject to and without waiving the foregoing objection and General Objections, denied.**

10.     Admit that the Debtors were solvent when the alleged transfers identified on Exhibit "A" of the Complaint were made.

**RESPONSE:  Plaintiff objects to this Request as calling for a legal conclusion and as contrary to the presumption of insolvency under 11 U.S.C. § 547(f). Subject to and without waiving the foregoing objections and General Objections, denied.**

6

56584991.3 10/24/2025

11.      Admit that the elements of 11 U.S.C. Section 550 are not satisfied with respect to the alleged transfers identified on Exhibit "A" of the Complaint.

**RESPONSE:  Plaintiff objects to this Request as calling for a legal conclusion. Subject to and without waiving the foregoing objection and General Objections, denied.**

12.      Admit that the Demand Letter was not delivered to Veeva.

**RESPONSE:  Plaintiff objects to this Request as vague and ambiguous as to "delivered." Subject to and without waiving the foregoing objection and General Objections, denied.**

7

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.      Identify, as defined herein, each person who participated in answering these Discovery Requests, assisted in answering, provided information, or was otherwise consulted in the preparation of responses to these Discovery Requests, the source of each person's knowledge concerning the questions for which the person answered, assisted in answering, provided the information, or was otherwise consulted, and the numbers of the questions for which each person answered, assisted in answering, provided information, or was otherwise consulted.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects to the extent the Interrogatory seeks information not relevant to any claim or defense in this proceeding. Subject to and without waiving the foregoing objections, the following people were involved in or consulted with respect to Plaintiff's responses: (1) J Miller Coffey Tate LLP professionals; and (2) George L. Miller, Chapter 7 Trustee. These individuals may be contacted through Plaintiff's counsel of record.**

2.      Identify all persons with knowledge of the following items and state the substance of that knowledge:

   a.      The contracts, agreements, or purchase orders between the Debtors and Veeva;

   b.      The terms and conditions of any agreement between the Debtors and Veeva with respect to delivery of goods and/or services provided to the Debtors by Veeva;

   c.      The payments made by the Debtors with respect to the delivery of any goods and/or services provided by Veeva;

   d.      Any goods and/or services provided to the Debtors by Veeva;

   e.      The course of business or dealing between the Debtors and Veeva;

   f.      The course of business or dealing between the Debtors and others in Veeva's industry; and

8

g.     The facts alleged in the Complaint or the responses and statements made in

the Answer.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information protected by the attorney-client privilege and/or work product doctrine, and improperly seeks personal contact information of third parties without justification. Plaintiff further objects to the extent that such information sought is more readily available and accessible by the Defendant and is in the Defendant's possession. Subject to and without waiving the foregoing objections, Plaintiff refers to and incorporates the information provided in response to Interrogatory No. 1, the Initial Disclosures, and the Debtors' schedules and statements filed in the bankruptcy cases. These witnesses can attest to (a) through (g) to the extent those matters appear in the Debtors' books and records; with respect to industry-wide course-of-dealing (subpart (f)), that topic may require expert analysis, which will be disclosed pursuant to Rule 26.**

3.     With respect to each of the claims asserted in the Complaint, state:

a.     All facts upon which such claim is based; and

b.     The names and present or last known addresses and telephone numbers of

all persons having knowledge of any of the facts set forth in the answer to

subparagraph (a) hereof.

**RESPONSE: Since there are four claims, this Interrogatory shall be considered to have four discrete subparts.**

**COUNT I: Plaintiff objects to this Interrogatory as overly broad and to the extent it seeks privileged mental impressions and work product. Subject to and without waiving the General Objections, Plaintiff states that Count I in the Complaint is premised on the Debtors' books, records, and bank statements showing transfers to Veeva identified on Exhibit A, the timing of such transfers during the preference period preceding the Petition Date, and the Debtors' insolvency during that period (including the § 547(f) presumption). The factual bases include the Debtors' books and records, and the Trustee's pre-suit investigation and reconciliations. Persons with knowledge include the Chapter 7 Trustee (George L. Miller), Miller Coffey Tate LLP professionals, and former Debtor personnel; Plaintiff will produce names and contact information for non-privileged fact witnesses in accordance with applicable disclosure obligations and the Court's scheduling order.**

**COUNT II: Plaintiff objects to this Interrogatory as overly broad and to the extent it seeks privileged mental impressions and work product. Subject to and without waiving the General Objections, Plaintiff states that Count II in the Complaint is premised on the Debtors' books, records, and bank statements showing transfers to Veeva identified on Exhibit A, the timing of such transfers before the Petition Date, and the Debtors' insolvency during that period. The factual bases include the Debtors' books and records, and the Trustee's pre-suit investigation and reconciliations. Persons with knowledge include the Chapter 7 Trustee**

9

**(George L. Miller), Miller Coffey Tate LLP professionals, and former Debtor accounting personnel; Plaintiff will produce names and contact information for non-privileged fact witnesses in accordance with applicable disclosure obligations and the Court's scheduling order.**

**COUNT III:** **Plaintiff objects to this Interrogatory as overly broad and to the extent it seeks privileged mental impressions and work product. Subject to and without waiving the General Objections, Plaintiff states that Count III in the Complaint is premised on the recovery obtained under Counts I and II, and those claims are based on Debtors' books, records, and bank statements showing transfers to Veeva identified on Exhibit A, the timing of such transfers during the preference period preceding the Petition Date, and the Debtors' insolvency during that period. The factual bases include the Debtors' books and records, and the Trustee's pre-suit investigation and reconciliations. Persons with knowledge include the Chapter 7 Trustee (George L. Miller), Miller Coffey Tate LLP professionals, and former Debtor personnel; Plaintiff will produce names and contact information for non-privileged fact witnesses in accordance with applicable disclosure obligations and the Court's scheduling order.**

**COUNT IV:** **Plaintiff objects to this Interrogatory as overly broad and to the extent it seeks privileged mental impressions and work product. Subject to and without waiving the General Objections, Plaintiff states that Count IV in the Complaint is premised on the voidability of the transfers received by Defendant in seeking to disallow any claim by Defendant against the bankruptcy estates. If Defendant does not pay the amount(s) owed under the Complaint, then the Court should disallow Defendant's respective claim against the estate. The claims to avoid the transfers are based on the Debtors' books, records, and bank statements showing transfers to Veeva identified on Exhibit A, the timing of such transfers during the preference period preceding the Petition Date, and the Debtors' insolvency during that period. The factual bases include the Debtors' books and records, and the Trustee's pre-suit investigation and reconciliations. Persons with knowledge include the Chapter 7 Trustee (George L. Miller), Miller Coffey Tate LLP professionals, and former Debtor personnel; Plaintiff will produce names and contact information for non-privileged fact witnesses in accordance with applicable disclosure obligations and the Court's scheduling order.**

4.      Identify all contracts, agreements, or purchase orders between Veeva and the

Debtors from November 25, 2020 to the present.

**RESPONSE:** **Plaintiff objects to this Interrogatory as overbroad and to the extent it seeks documents that are in Defendant's possession, custody, or control. Subject to and without waiving the General Objections, Plaintiff states that Veeva, as counterparty, maintains copies of its own contracts, purchase orders, and related documents; Plaintiff will produce any non-privileged contracts or purchase orders located in the Debtors' files after a reasonable search.**

56584991.3 10/24/2025

5.      Describe in detail and identify the payment or credit terms set forth in any contracts, agreements, purchase orders, or invoices or established by any oral communications or written documents or agreements or the course of dealing between the Debtors and Veeva from November 25, 2020 to the present.

**RESPONSE: Plaintiff objects to this Interrogatory as overly broad and premature to the extent it calls for industry-wide or expert analysis, and to the extent it requests information uniquely within Veeva's control. Subject to and without waiving the General Objections, Plaintiff states that the payment/credit terms reflected in the Debtors' accounts and invoices generally memorialize trade terms between the parties as reflected on invoices and purchase orders; where the Debtors' records contain express terms or remittance instructions those documents will be produced. Plaintiff will supplement this response with invoice terms and any discovered written credit-term documents in the Debtors' possession.**

6.      With respect to all goods and/or services Veeva provided to the Debtors from November 25, 2020 through the Petition Date, state:

   a.      The invoice number and date;

   b.      The dates on which the Debtors received the goods and/or services;

   c.      The invoice amount of each such shipment or goods and/or services;

   d.      The date on which the Debtors sent and Veeva received the payment for any such goods and/or services, including any check dates or clear dates;

   e.      The method of payment, and any identifying number associated with the payment (like a check number);

   f.      The amount of the payment;

   g.      The due date for the invoices to which such payment was applied;

**RESPONSE: Plaintiff objects to this Interrogatory as overly broad and to the extent it calls for Veeva's internal cash-application records. Subject to and without waiving the General Objections, Plaintiff will produce non-privileged records located in the Debtors' files that identify invoice numbers, invoice dates, amounts, payment dates, methods and amounts, and remittance details for payments reflected in the Debtors' records, including those on Exhibit A. To the extent certain invoice-to-payment application details are contained only in Veeva's systems (e.g., Veeva's cash-application notations), those details are within Veeva's custody and control.**

11

7.      During the Preference Period, state as accurately as possible the Debtors' overall average number of days to pay Veeva's invoices and the range of payments of Veeva's invoices (measured from invoice date through date of payment).

**RESPONSE: Plaintiff objects to this Interrogatory as premature, unduly burdensome to the extent it requires running accounting calculations before reasonable discovery and data processing, and to the extent it seeks expert analysis. Subject to and without waiving the General Objections, Plaintiff states that a reasonable analysis of accounts-payable and payment records will be required to compute averages and ranges; Plaintiff will perform such calculations and produce the results and supporting data in its production (or in a spreadsheet) after a reasonable search and reconciliation of the Debtors' books and records. Plaintiff further refers Defendant to the informal analysis of historical payments already provided to Defendant.**

8.      During the Historical Period, state as accurately as possible the Debtors' overall average number of days to pay Veeva's invoices and the range of payments of Veeva's invoices (measured from invoice date through date of payment).

**RESPONSE: Plaintiff objects to this Interrogatory as duplicative of Interrogatory No. 7, as premature, and as seeking calculations that will be generated from accounting records. Subject to and without waiving the General Objections, Plaintiff will calculate and produce the requested averages and ranges for the Historical Period based on the Debtors' accounts-payable and bank records after a reasonable reconciliation and will supplement this answer with the underlying data.  Plaintiff further refers Defendant to the informal analysis of historical payments already provided to Defendant.**

9.      During the Historical Period, state as accurately as possible the Debtors' overall average number of days to pay Veeva's invoices and the range of payments of Veeva's invoices (measured from invoice date through date of payment).

**RESPONSE: Plaintiff objects to this Interrogatory as duplicative of Interrogatory Nos. 7–8. Subject to and without waiving the General Objections, Plaintiff will provide the requested average and range calculations for the Historical Period in its production based on the Debtors' AP and payment records.  Plaintiff further refers Defendant to the informal analysis of historical payments already provided to Defendant.**

56584991.3 10/24/2025

10.      If you contend that the Debtors' alleged transfers to Veeva as described on Exhibit "A" to the Complaint were not in the ordinary course of business, describe in detail all of the facts upon which you or the Debtors rely in support of the contention that some or all of Veeva's invoices cleared during the Preference Period were not paid in the ordinary course of business under 11 U.S.C. § 547(c)(2) and describe each and every document supporting your contention and identify each person having such knowledge.

**RESPONSE: Plaintiff objects to this Interrogatory as calling for a legal conclusion and to the extent it seeks privileged materials or expert work product. Subject to and without waiving the General Objections, Plaintiff states that the factual bases for asserting that some or all transfers were not in the ordinary course include the timing and aggregation of payments during the preference period compared to the parties' historical payment patterns, the occurrence of unusually large or aggregated wire transfers, and evidence of the Debtors' deteriorating liquidity. Plaintiff further states that the Debtors' AP ledgers, bank statements, invoice histories, and any communications in the Debtors' files concerning payment expectations or collections are documents that support this contention. Persons with knowledge include the Trustee, Miller Coffey Tate LLP accountants, and former Debtor personnel; Plaintiff will produce non-privileged documents and identify witnesses with knowledge in discovery. Plaintiff also refers to and incorporates the information provided in the Initial Disclosures.  Plaintiff further refers Defendant to the informal analysis of historical payments already provided to Defendant, which shows the challenged transfers were paid later than those during the historical period, included materially-larger transfers and paid multiple invoices at once, varying from historical practice.**

11.      If you contend that the Debtors' alleged transfers to Veeva as described on Exhibit "A" to the Complaint were not paid according to ordinary business terms, describe in detail the facts upon which you or the Debtors rely in support of the contention that some or all of Veeva's invoices cleared during the Preference Period were not paid according to ordinary business terms under 11 U.S.C. § 547(c)(2) and describe each and every document supporting your contention and identify each person having such knowledge.

**RESPONSE: Plaintiff objects to this Interrogatory as calling for a legal conclusion and as premature for expert analysis. Subject to and without waiving the General Objections, Plaintiff states that the facts supporting the contention that certain payments were not in accordance with ordinary business terms include deviations in payment method, amount, and timing during the Preference Period compared to the Historical Period, such as aggregated payments and changes in remittance practice reflected in the Debtors' books and records. Plaintiff will produce the records, and any non-privileged communications relied upon and**

13

**will identify persons having knowledge of these facts. Plaintiff further refers Defendant to the informal analysis of historical payments already provided to Defendant, which shows the challenged transfers were paid later than those during the historical period, included materially-larger transfers and paid multiple invoices at once, varying from historical practice.**

12. Identify any other software companies or other companies within Veeva's industry or industries with which the Debtors previously did or currently does business. For each such company or entity, state the nature of Debtors' business relationship and the payment terms of the relationship.

**RESPONSE: Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests a comprehensive list of all industry vendors. Plaintiff further objects as this Interrogatory assumes facts not in evidence and requires speculation as to what qualifies as a company "within Veeva's industry." Plaintiff further objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the General Objections, Plaintiff states that the Debtors maintained vendor relationships with multiple software and service providers as reflected in the Debtors' books and records; the nature of such relationships varied by vendor and are reflected in invoices and purchase orders. Plaintiff will produce non-privileged vendor lists and any discovered written agreements that reflect payment terms for competitors or similarly situated vendors in the Debtors' files.**

13. Identify the range of payment that you or the Debtors contend constitutes "ordinary business terms" for accounts receivable paid by the Debtors to other software companies or other companies in the same industry or industries as Veeva.

**RESPONSE: Plaintiff objects to this Interrogatory as calling for expert or industry-wide analysis and as premature. Subject to and without waiving the General Objections, Plaintiff's ordinary-course analysis focuses primarily on deviations from the parties' own historical course of dealing; Plaintiff will identify any industry range relied upon (and its source) through expert disclosure if Plaintiff elects to rely on industry-level standards.**

14. For all other software companies or other companies in the same industry or industries as Veeva with which the Debtors did business, state as accurately as possible the overall average number of days to pay such businesses invoices (measured from invoice date through date of payment).

**RESPONSE: Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests a comprehensive list of all industry vendors and comparative industry**

14

calculations requiring extensive accounting work. **Plaintiff further objects as this Interrogatory assumes facts not in evidence and requires speculation as to what qualifies as a company "within Veeva's industry." Plaintiff further objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the General Objections, Plaintiff will provide appropriate expert analysis and testimony in accordance with the federal rules.**

15.     Identify any and all terms of credit that were extended in writing to Debtors during the period from November 25, 2020 through the Petition Date by its vendors.

**RESPONSE: Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests a comprehensive list of all of Debtors' industry vendors and comparative industry analysis requiring extensive accounting work. Plaintiff further objects as this Interrogatory assumes facts not in evidence and requires speculation as to what qualifies as a "term of credit." Plaintiff further objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the General Objections, Plaintiff will produce non-privileged invoices disclosing terms that are located in the Debtors' files following a reasonable search, and otherwise notes that many written credit terms are maintained by individual vendors, including Veeva, in the vendors' own files.**

16.     Identify any and all terms of credit that were extended in writing to the Debtors by software companies or other companies in the same industry or industries as Veeva during the period from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Interrogatory as duplicative of Interrogatory No. 15. Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requests a comprehensive list of all industry vendors and comparative industry calculations requiring extensive accounting work. Plaintiff further objects as this Interrogatory assumes facts not in evidence and is vague and ambiguous as to a company "within Veeva's industry" and a "term of credit." Plaintiff further objects as this Request is not reasonably calculated to lead to the discovery of admissible evidence.**

17.     Identify all New Value by date, invoice number, dollar amount, and entity, provided by Veeva, to or for the benefit of Debtors during the Preference Period, regardless of whether such New Value was "paid" or "unpaid."

**RESPONSE: Plaintiff objects to this Interrogatory as premature and to the extent it calls for expert accounting analysis; Plaintiff also objects to the extent the requested information is within Defendant's exclusive records. Subject to and without waiving the General Objections, Plaintiff currently is not aware of records in the Debtors' possession showing unpaid subsequent shipments or credits from Veeva that would constitute New Value remaining outstanding as of the Petition Date; Plaintiff will identify any such documents located in the**

15

**Debtors' files and will evaluate and address any New Value claimed by Veeva after Veeva's production.**

18.    Identify as defined herein, each person you intend to call as a fact witness at any trial or hearing in this matter, your relationship with the witness, and state the subject matter on which each such witness is expected to testify.

**RESPONSE:** **Plaintiff objects to this Interrogatory as premature under Rule 26(a)(3) and as seeking trial preparation materials. Subject to and without waiving the General Objections, anticipated witnesses may include: the Chapter 7 Trustee (George L. Miller) (expected to testify concerning the Debtors' records, the payments on Exhibit A, and the Trustee's investigation), Miller Coffey Tate LLP personnel (expected to testify concerning accounting analyses and reconciliations), former Debtor personnel (expected to testify concerning invoice processing and payment practices), and a Rule 30(b)(6) witness for Veeva (for Defendant's corporate knowledge). Plaintiff will provide a final list of trial witnesses and detailed subject matter at the time required by the Court.**

19.    Identify each person you ever retained or specifically employed to provide expert testimony in this matter or whom you intend to call as an expert witness at the trial of this matter and state the subject matter on which such expert is expected to testify.

**RESPONSE:** **Plaintiff objects to this Interrogatory as premature under Rule 26(a)(2) and to the extent it seeks expert work product. Subject to and without waiving the General Objections, Plaintiff has not yet disclosed retained testimonial experts; if Plaintiff retains testifying experts regarding accounting, valuation, or industry practices, their identities, opinions, bases, and qualifications will be provided in accordance with the Court's scheduling order and Rule 26(a)(2).**

20.    Identify all facts upon which you rely in alleging in Paragraph 31 of the Complaint that the transfers identified on Exhibit "A" to the Complaint were made while Debtor was insolvent and describe each and every document supporting your contention and identify each person having such knowledge.

**RESPONSE:** **Plaintiff objects to this Interrogatory as seeking privileged communications and as calling for legal conclusions. Subject to and without waiving the General Objections, Plaintiff relies on the § 547(f) statutory presumption of insolvency for the ninety days prior to the Petition Date, on the Debtors' bankruptcy schedules of assets and liabilities showing liabilities in excess of assets, and on Debtors' bank and accounting records reflecting liquidity shortfalls during the Preference Period. Documents supporting these facts include the Debtors' schedules, bank statements, AP ledgers, and the Trustee's reconciliations; persons**

16

**with knowledge include the Trustee, Miller Coffey Tate accountants, and former Debtor personnel.**

21.     Identify all facts upon which you rely in alleging in Paragraph 33 of the Complaint that the transfers identified on Exhibit "A" to the Complaint enabled Veeva to receive more than Veeva would have received if: (i) Debtors' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the alleged transfers had not been made; and (iii) Veeva received payment on account of the debt paid by the alleged transfers to the extent provided by the provisions of the Bankruptcy Code, and describe each and every document that supports your contention, and identify each person having such knowledge.

**RESPONSE: Plaintiff objects to this Interrogatory as duplicative, as calling for legal conclusions, and as premature to the extent it requests finalized distribution calculations. Subject to and without waiving the General Objections, Plaintiff relies on the Debtors' schedules and the Trustee's interim distributions to general unsecured creditors, that general unsecured creditors will not be paid in full and that estate assets are limited. The transfers on Exhibit A increased Veeva's recovery relative to a hypothetical Chapter 7 pro rata distribution; supporting documents include the schedules, filings regarding the Trustee's interim distributions, and the Trustee's financial reports. Persons with knowledge include the Trustee and Miller Coffey Tate professionals.**

22.     With respect to the Requests for Admission, with respect to each request, any portion thereof, which you have not admitted unqualifiedly, identify each such Request, or portion thereof, that you do not admit unqualifiedly, and state specifically what you do not admit (or want to qualify) and precisely why. State all facts, identify all persons who have knowledge of the stated facts, and identify all documents which support your answer to this Interrogatory and your denial or partial denial of a Request for Admission.

**RESPONSE: Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and duplicative of Plaintiff's written Responses to Requests for Admission. Subject to and without waiving the General Objections, Plaintiff refers Defendant to Plaintiff's Responses to Requests for Admission served contemporaneously herewith; for each RFA not admitted unqualifiedly, Plaintiff has provided a specific response explaining the basis for denial or qualification and will identify the relevant facts, witnesses, and documents through its non-privileged discovery responses and productions.**

17

**Plaintiff objects to this Interrogatory to the extent that Defendant has exceeded the permissible number of interrogatories under Federal Rule of Civil Procedure 33(a)(1), made applicable by Federal Rule of Bankruptcy Procedure 7033. When counting discrete subparts, Defendant's discovery propounds more than twenty-five interrogatories. Accordingly, Plaintiff objects to any requirement to respond to Interrogatories beyond the twenty-fifth in number and, specifically, reserves this objection to all subsequent interrogatories, which exceed the allowable limit.**

23.    If you contend that the contemporaneous exchange defense does not apply to the Debtors' alleged transfers to Veeva as described on Exhibit "A" to the Complaint, (1) state each and every fact that would support that such transfers were not (A) intended by the Debtors and Veeva to be a contemporaneous exchange for New Value given to the Debtors; and (B) in fact substantially contemporaneous, and (2) describe each and every document supporting your contention, and identify each person having such knowledge.

<u>RESPONSE:</u> **Plaintiff objects to this Interrogatory as overbroad and to the extent it seeks documents that are in Defendant's possession, custody, or control. Subject to and without waiving the General Objections, Plaintiff states that Veeva, as counterparty, maintains copies of its own written communications concerning its intent to make an alleged contemporaneous exchange.**

**Plaintiff objects to this Interrogatory to the extent that Defendant has exceeded the permissible number of interrogatories under Federal Rule of Civil Procedure 33(a)(1), made applicable by Federal Rule of Bankruptcy Procedure 7033. When counting discrete subparts, Defendant's discovery propounds more than twenty-five interrogatories. Accordingly, Plaintiff objects to any requirement to respond to Interrogatories beyond the twenty-fifth in number and, specifically, reserves this objection to all subsequent interrogatories, which exceed the allowable limit.**

24.    If you contend that the New Value defense does not apply to the Debtors' alleged transfers described on Exhibit "A" to the Complaint, (1) state each and every fact that would support that Veeva did not give New Value to or for the benefit of the Debtors after the transfers (A) which was not secured by an otherwise unavoidable security interest; and (B) on account of which New Value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Veeva; and (2) describe each and every document supporting your contention, and identify each person having such knowledge.

18

**RESPONSE:** **Plaintiff objects to this Interrogatory as overbroad and to the extent it seeks documents that are in Defendant's possession, custody, or control.**

**Plaintiff objects to this Interrogatory to the extent that Defendant has exceeded the permissible number of interrogatories under Federal Rule of Civil Procedure 33(a)(1), made applicable by Federal Rule of Bankruptcy Procedure 7033. When counting discrete subparts, Defendant's discovery propounds more than twenty-five interrogatories. Accordingly, Plaintiff objects to any requirement to respond to Interrogatories beyond the twenty-fifth in number and, specifically, reserves this objection to all subsequent interrogatories, which exceed the allowable limit.**

25.     Identify all facts upon which you rely in support of Count II in your Complaint and identify all facts, identify all persons who have knowledge of the stated facts, and identify all documents which support your allegations and Count II.

**RESPONSE:** **Plaintiff objects to this Interrogatory as overbroad and to the extent it seeks documents that are in Defendant's possession, custody, or control.**

**Plaintiff objects to this Interrogatory to the extent that Defendant has exceeded the permissible number of interrogatories under Federal Rule of Civil Procedure 33(a)(1), made applicable by Federal Rule of Bankruptcy Procedure 7033. When counting discrete subparts, Defendant's discovery propounds more than twenty-five interrogatories. Accordingly, Plaintiff objects to any requirement to respond to Interrogatories beyond the twenty-fifth in number and, specifically, reserves this objection to all subsequent interrogatories, which exceed the allowable limit.**

19

56584991.3 10/24/2025

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Provide all documents requested to be identified or which you have identified in the above Interrogatories or Requests for Admissions.

**RESPONSE: Plaintiff objects to this Request as overly broad and unduly burdensome and harassing. As stated, this Request is overly broad, vague and nonspecific as it conceivably seeks production of (i) documents, without regard to whether the document relates to any material, disputed issue of fact, (ii) information or documents that are neither relevant to nor reasonably calculated to lead to the discovery of relevant and admissible evidence with respect to any claims or defenses in this Adversary Proceeding, and (iii) information or documents not proportional to the needs of this Adversary Proceeding.**

**Plaintiff further objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 1 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

2.      Provide all documents reviewed, related to, relied upon, or used in responding to Veeva's Interrogatories or Requests for Admissions set forth above or that support or refute your responses to Veeva's Interrogatories or Requests for Admission.

**RESPONSE: Plaintiff objects to this Request as overly broad and unduly burdensome and harassing. As stated, this Request is overly broad, vague and nonspecific as it conceivably seeks production of (i) documents, without regard to whether the document relates to any material, disputed issue of fact, (ii) information or documents that are neither relevant to nor reasonably calculated to lead to the discovery of relevant and admissible evidence with respect to any claims or defenses in this Adversary Proceeding, and (iii) information or documents not proportional to the needs of this Adversary Proceeding.**

**Plaintiff further objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to**

20

**Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 2 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

3.      Provide all documents that support, evidence, refer to, or relate to the allegations made in your Complaint or the alleged transfers identified on Exhibit "A" to the Complaint.

**<u>RESPONSE:</u> Plaintiff objects to this Request as overly broad and unduly burdensome and harassing. As stated, this Request is overly broad, vague and nonspecific as it conceivably seeks production of (i) documents, without regard to whether the document relates to any material, disputed issue of fact, (ii) information or documents that are neither relevant to nor reasonably calculated to lead to the discovery of relevant and admissible evidence with respect to any claims or defenses in this Adversary Proceeding, and (iii) information or documents not proportional to the needs of this Adversary Proceeding.**

**Plaintiff further objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 3 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

4.      Provide all documents that refer, or relate to, or reflect any and all communications between the Debtors and Veeva from November 25, 2020 through the Petition Date or relating to any of the alleged transfers identified on Exhibit "A" to the Complaint.

21

**RESPONSE: Plaintiff objects to this Request as overly broad and unduly burdensome and harassing. As stated, this Request is overly broad, vague and nonspecific as it conceivably seeks production of (i) documents, without regard to whether the document relates to any material, disputed issue of fact, (ii) information or documents that are neither relevant to nor reasonably calculated to lead to the discovery of relevant and admissible evidence with respect to any claims or defenses in this Adversary Proceeding, and (iii) information or documents not proportional to the needs of this Adversary Proceeding.**

**Plaintiff further objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

5. Provide all correspondence between the Debtors and Veeva from November 25, 2020 to the present.

**RESPONSE: Plaintiff objects to this Request as overly broad and unduly burdensome and harassing. As stated, this Request is overly broad, vague and nonspecific as it conceivably seeks production of (i) documents, without regard to whether the document relates to any material, disputed issue of fact, (ii) information or documents that are neither relevant to nor reasonably calculated to lead to the discovery of relevant and admissible evidence with respect to any claims or defenses in this Adversary Proceeding, and (iii) information or documents not proportional to the needs of this Adversary Proceeding.**

**Plaintiff further objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 5 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

22

6.       Provide all contracts or agreements, whether actual or proposed, between the Debtors and Veeva from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 6 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

7.       Provide all purchase orders, whether actual or proposed, between the Debtors and Veeva from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 7 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

8.       Provide all documents that refer to or relate to all contracts, agreements, or purchase orders, whether actual or proposed, between the Debtors and Veeva from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control**

23

(including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.

Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 8 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.

9.  Provide all documents that refer, or relate to, or reflect the terms and conditions or payment terms under which Veeva provided goods and/or services to the Debtors from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 9 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

10.  Provide all documents that refer to or relate to or reflect the terms and conditions or payment terms under which other software companies or others in Veeva's industry or industries provided goods and/or services to the Debtors during the period from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects as it is vague and ambiguous as to what is meant by "Veeva's industry or industries." Plaintiff further objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant),**

24

**or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

11.    Provide copies of all invoices, communications, and other documents (collectively the "Agreements") referred to in Paragraph 30 of the Complaint.

**RESPONSE:  Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 11 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

12.    Provide all documents that refer to, or relate to, or reflect any amounts owed to Veeva as of November 25, 2020 and continuing through the Petition Date.

**RESPONSE:  Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 12 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

13.    Provide all documents that refer to, relate to, or reflect any goods, services, obligations, outstanding deliverables, work or performance owed by Veeva to Debtors from November 25, 2020 through the Petition Date.

**RESPONSE:** **Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 13 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

14.    Provide all documents that refer to, relate to, or reflect any goods, services, obligations, outstanding deliverables, work or performance that were owed or remain owed by Veeva to Debtors since the Petition Date.

**RESPONSE:** **Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 14 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

26

15.     Provide all documents that refer, or relate to, or reflect payments made to Veeva by the Debtors for goods or services provided by Veeva to the Debtors during the period from November 25, 2020 through the Petition Date including, without limitation, all books of general ledger, general journal, accounts receivable ledgers, statements of account, account histories, bank statements or records, checks, cashier checks, wire transfer information, ACH transfers, direct deposits, money orders, check swaps, remittance advices, and any documents from the Bank Accounts as that term is defined in paragraph 14 of the Complaint.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 15 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

16.     Provide any and all entries, reports, analyses, summaries, statements, or documents that refer or relate to Veeva, the allegations in the Complaint, the alleged transfers referred to on Exhibit "A" to the Complaint, the Answer, the payments made by the Debtors to Veeva, or the goods or services provided by Veeva to the Debtors.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

56584991.3 10/24/2025

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 16 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

17. Provide any and all entries, reports, analyses, summaries, statements, or documents from the Bank Accounts, as that term is defined in Paragraph 14 of the Complaint, that refer or relate to Veeva, the allegations in the Complaint, the Answer, the alleged transfers referred to on Exhibit "A" to the Complaint, the payments made by the Debtors to Veeva, or the goods or services provided by Veeva to the Debtors.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 17 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

18. Provide all documents that refer to, relate to or reflect any goods and/or services provided by Veeva to the Debtors from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying**

28

discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 18 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.

19.     Provide all invoices sent to the Debtors by Veeva during the period from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 19 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

20.     Provide all documents that refer to, relate to or reflect the dates on which the Debtors sent or on which Veeva received each of the alleged transfers identified on Exhibit "A" of the Complaint.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 20 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

29

21.     Provide all documents that refer to, relate to, or reflect the dates on which Veeva provided goods and/or services provided by Veeva to the Debtors from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 21 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

22.     If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint was not intended by the parties and did not constitute a contemporaneous exchange in for New Value, provide all documents that support this contention.

**RESPONSE: Plaintiff objects as this Request is vague, confusing, and ambiguous.  Plaintiff does not contend that the alleged transfers were not intended by one or more of the parties.**

23.     If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not in payment of a debt or debts incurred by the Debtors in the ordinary course of business or financial affairs of Veeva and the Debtors, provide all documents that support your contention.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

56584991.3 10/24/2025

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 23 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

24. If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not made in the ordinary course of business or financial affairs of Veeva and the Debtors, provide all documents that support your contention.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 24 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

25. If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not made in accordance with the ordinary business terms, provide all documents that support your contention.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 25 in a reasonable manner and if production is through inspection at a**

31

**reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

26.     If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not made in accordance with the ordinary business terms prevailing for software companies or in Veeva's industry or industries, provide all documents that support your contention.

**RESPONSE: Plaintiff objects as this Request is premature and seeks expert witness testimony and evidence. Plaintiff further objects as vague and ambiguous as to what is meant by "Veeva's industry or industries." Plaintiff further objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

27.     If you contend that any of the alleged transfers identified on Exhibit "A" to the Complaint were not made in accordance with ordinary business terms prevailing in the Debtors' industry, provide all documents that support this contention.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 27 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

32

28.     If you contend that Veeva did not provide New Value to the Debtors after all of the alleged transfers identified on Exhibit "A" to the Complaint, provide all documents that support your contention.

**RESPONSE: Plaintiff objects to this Request as it is vague and ambiguous as to what is meant by "New Value." Plaintiff further objects to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 28 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

29.     Provide all reports, summaries, analyses, calculations, assessments, or documents concerning, evidencing, supporting, or relating to the typical, average or standard time period between the date of invoice by Veeva and the date of corresponding payment by the Debtors for any payment made by the Debtors to Veeva from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 29 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

56584991.3 10/24/2025

30.     Provide all reports, summaries, analyses, calculations, assessments, or documents concerning, evidencing, supporting, or relating to the range of payments between the date of invoice by Veeva and the date of corresponding payment by the Debtors for any payment made by the Debtors to Veeva from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 30 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

31.     Provide all reports, summaries, analyses, calculations, assessments, or documents concerning, evidencing, supporting, or relating to the typical, average or standard time period or range of payments between the date of invoice by other software companies or other companies in the same industry or industries as Veeva and the date of corresponding payment by the Debtors for any payment made by the Debtors to those entities from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for**

34

**Production No. 31 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

32.    Provide all reports, summaries, analyses, calculations, assessments, or documents concerning, evidencing, supporting, or relating to the range of payments between the date of invoice by other software companies or other companies in the same industry or industries as Veeva and the date of corresponding payment by the Debtors for any payment made by the Debtors to those entities from November 25, 2020 through the Petition Date.

**RESPONSE:  Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 32 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

33.    Provide all documents which support your responses to the Interrogatories not otherwise provided in response to other Requests for Documents.

**RESPONSE:  Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 33 in a reasonable manner and if production is through inspection at a**

56584991.3 10/24/2025

**reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

34.     Provide a copy of any company file held by Debtors for Veeva.

**RESPONSE:  Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 34 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

35.     Provide all documents that refer to, or relate to or reflect any interview conducted

by you or on your behalf with respect to the transactions and/or occurrences described in the

Complaint.

**RESPONSE:  Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

**Subject to and without waiver of the foregoing objections and the General Objections and Responses, Plaintiff will produce and/or make available for inspection and copying discoverable, readily accessible, non-privileged documents responsive to Request for Production No. 35 in a reasonable manner and if production is through inspection at a reasonable date and time and upon reasonable notice to persons with control over the location of any such documents.**

36

36.     Provide any statements concerning this litigation, from all witnesses, including any statements from the Debtors, the parties herein or their respective agents, servants, or employees, or representatives.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

37.     Provide the entire contents of any investigation file or files and any other documentary material which relate to the investigation concerning the subject matter of the Complaint, the Answer, or any other circumstances or transactions that are the subject of this Adversary Proceeding.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

38.     With respect to each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case, provide:

  a.     All documents provided to or reviewed by the expert;

  b.     A current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

  c.     All reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

37

> d. All documents upon which the expert's findings, conclusions and/or opinions are based; and
>
> e. All exhibits to be used as a summary of or as support for the expert's findings, conclusions and/or opinions.

**RESPONSE: Plaintiff objects to this Request as it is premature and requesting the early disclosure of expert witnesses that are not yet required to be disclosed under Rule 26. Plaintiff further objects to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

39. Provide all documents that you intend to introduce into evidence at the trial of this action.

**RESPONSE: Plaintiff objects to this Request to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

40. Provide all documents, including but not limited to a liquidation analysis or calculation, that support any contention that the alleged transfers enable Veeva to receive more than Veeva would have received if the alleged transfers had not been made.

**RESPONSE: Plaintiff objects to this Request as it is premature and requesting the early disclosure of expert witnesses that are not yet required to be disclosed under Rule 26. Plaintiff further objects to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

41.     Provide all documents upon which you rely in alleging that the Debtors were insolvent at the time of the transfers described on Exhibit "A" to the Complaint.

**RESPONSE: Plaintiff objects to this Request as it is premature and requesting the early disclosure of expert witnesses that are not yet required to be disclosed under Rule 26. Plaintiff further objects to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

42.     Provide all documents that refer to or relate to the Debtors' payment policies in effect from November 25, 2020 through the Petition Date, including but not limited to payment policies concerning any transaction with Veeva from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to this Request as it is premature and requesting the early disclosure of expert witnesses that are not yet required to be disclosed under Rule 26. Plaintiff further objects to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

43.     Provide all documents that refer to or relate to collection efforts or requests for payment made by Veeva to the Debtors from November 25, 2020 through the Petition Date.

**RESPONSE: Plaintiff objects to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

39

44.    Provide all reports, summaries, analyses, calculations, assessments, or documents

concerning or relating to any issues raised in this Adversary Proceeding.

**RESPONSE: Plaintiff objects to this Request as it is premature and requesting the early disclosure of expert witnesses that are not yet required to be disclosed under Rule 26. Plaintiff further objects to the extent it seeks information or documents (i) already provided to Defendant, (ii) already in Defendant's possession, custody or control (including, without limitation, invoices issued by Defendant), or otherwise accessible to Defendant (including, without limitation, pleadings and documents filed on the Court's docket), or (iii) already produced in response to other Requests for Production propounded herein or attached to the pleadings filed in this Adversary Proceeding, as requiring production of such would be unduly burdensome and harassing and out of proportion to the needs of this Adversary Proceeding.**

Dated:  October 24, 2025

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone: (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

and

Michelle G. Novick (admitted pro hac vice)
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7899
michelle.novick@saul.com

and

Turner N. Falk (admitted pro hac vice)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8415
turner.falk@saul.com

*Counsel to Plaintiff*

56584991.3 10/24/2025

## VERIFICATION

I, George L. Miller, as Chapter 7 Trustee for the estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company LLC have reviewed the foregoing *Plaintiff's Objections and Responses to Defendant Veeva Systems Inc.'s First Set of Interrogatories to Plaintiff* and verify that the statements contained therein are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.


Dated: October 24, 2025

George L. Miller, not individually but solely as
Chapter 7 Trustee of the bankruptcy estates of Akorn
Holding Company LLC, Akorn Intermediate Company
LLC, and Akorn Operating Company LLC

41

56584991.3 10/24/2025

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>      Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>      Plaintiff,<br><br>  v.<br><br>VEEVA SYSTEMS INC.,<br>      Defendant. | <br><br><br><br><br>Adv. Proc. No. 25-50220 (KBO) |

**DEFENDANT VEEVA SYSTEMS INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION
<u>OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS</u>**

Veeva Systems Inc. ("Veeva") hereby responds and objects to Plaintiff, George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al.'s, First Set of Interrogatories, Request for Production of Documents and Requests for Admissions Directed to Defendant (the "Requests") served by George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, et al. ("Trustee") as follows:

<u>General Objections</u>

Veeva makes these general objections to each individual Request, which are incorporated by reference into Veeva's responses to each individual Request:

1. Veeva objects to the Instructions to the extent that they attempt to modify or expand the requirements of the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, or to impose any requirements additional to those imposed by the Federal Rules of

---

[1] The Debtors in these chapter 7 cases (each, a "**Debtor**" and, collectively, the "**Debtors**"), along with the last four digits of their federal tax identification numbers, and case numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, IL 60031.

Civil Procedure (as applied here through the Federal Rules of Bankruptcy Procedure). The Federal Rules of Civil Procedure (as applied here through the Federal Rules of Bankruptcy Procedure) govern Veeva's obligations in responding to the Trustee's discovery demands.

2.      Veeva objects to the Requests to the extent that they seek information and documents which are not relevant or proportional to the needs of the case, are overbroad in time and scope, or are unduly burdensome.

3.      Veeva objects to the Requests to the extent that they seek information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable privilege, immunity, or protection. Privileged information will not be disclosed.

4.      Veeva objects to the definitions of "you" and "your" to the extent they purport to include individuals and entities over whom Veeva has no control. Veeva also objects to the definitions as vague because Veeva does not know whom the Trustee considers to be "predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, and any and all other Persons acting on behalf of, acting for, purporting to act for, or subject to or under the control of any such entity, together with their officers, directors, employees, agents, attorneys, associates and representatives."

5.      Veeva objects to the definition of "Debtor" because it is vague. Veeva does not know whom the Trustee considers to be "officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, representatives, and any and all other Persons acting on behalf, acting for, purporting to act for, or subject to or under the control of any Debtor, or its predecessors or successors."

6.      Veeva objects to the Instructions to the extent they attempt to impose any continuing response obligation other than those imposed by the Federal Rules of Civil Procedure (as applied here through the Federal Rules of Bankruptcy Procedure).

7.      These "General Objections" are applicable to and incorporated in each of Veeva's responses as if specifically set forth therein. The stating of specific objections to a particular Request shall not be construed as a waiver of Veeva's General Objections nor does the restatement

QB\99134271.2                                        -2-

of or specific reference to a General Objection in the response to a particular discovery request waive any other General Objection.  Additionally, unless otherwise specifically stated, Veeva's objections to each Request apply to the entire Request, including any subpart.

8.      Veeva's responses to each Request are made subject to and without waiving, or intending to waive, any of the objections noted above, as well as:

a.      All questions as to competency, relevancy, privilege, and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof in any subsequent proceeding in, or any trial of, this action or any other action or proceeding;

b.      The right to object to other discovery procedures involving or related to the subject matter of the Requests herein responded to; and

c.      The right at any time to revise, correct, add to, or clarify any of the responses set forth herein.

9.      Discovery in this matter is still progressing and may reveal information that supplements and/or modifies Veeva's responses herein.  Veeva expressly reserves the right to supplement and/or modify these responses and its objections as discovery in this case continues.

10.     Veeva has made reasonable efforts to locate and produce information responsive to the Requests, as it understands and reasonably interprets them.  If the Trustee subsequently asserts an interpretation that differs from that which Veeva has made, Veeva reserves the right to supplement or amend its responses accordingly.

11.     Where Veeva states in a specific response that it has produced documents, that response should be construed to mean that Veeva has produced relevant, responsive documents discovered after a reasonable search.

12.     Veeva incorporates Local Rule 9018-1 herein and will provide responsive documents with the proper confidentiality designations.

13.     Unless specifically defined herein, capitalized defined terms used in these responses will have the meanings as defined in the Requests.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**:  **State the full name, address, and relationship to the Defendant of each person who prepared or assisted in the preparation of Your responses to these Interrogatories, Responses to the Requests for Admission, and the Responses to the Requests for Production of Documents.**

RESPONSE TO INTERROGATORY NO. 1: Veeva objects to this Interrogatory to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, joint defense privilege or any other privilege or protection, or seeks Veeva's or a third party's confidential or proprietary information.  Veeva incorporates the General Objections, detailed above, as if fully set forth herein. Subject to and without waiving the foregoing objections, Veeva provides Chris Huff, Director, 4280 Hacienda Dr., Pleasanton, CA 94588, Global Revenue Operations; Reka Maddison, Supervisor, 4280 Hacienda Dr., Pleasanton, CA 94588, AR and Collections Europe.

**INTERROGATORY NO. 2:  State whether You received any Transfers of money or property from any of the Debtors during the Preference Period; and, if You did, identify each such Transfer by: (i) the nature and date(s) of the goods or services provided to which each such Transfer relates, (ii) the invoice number(s) to which each such Transfer relates, (iii) the date(s) the obligations were incurred to which each such Transfer relates, (iv) the date(s) upon which payment was due to which each such Transfer relates, (v) the date on which You received each such Transfer, and (vi) the date on which, if the obligation was paid by check, You deposited such check into Your bank account.**

RESPONSE TO INTERROGATORY NO. 2:  Veeva objects to this Interrogatory to the extent it seeks a legal conclusion and its definition of "Transfers" refers only to "goods or services

previously provided." Subject to and without waiving the foregoing objections, Veeva provides that it received payments in connection with invoices for Software as a Service products and related services to support development, commercialization, and other activities. With regard to the subject payments, Veeva received six total transfers: four of the transfers made on December 1, 2022 paid four separate invoices: #364463 for $578,004.00; #367972 for $11,760.00; #366827 for $2,475.00; and #364855 for $825.00, while the remaining two transfers made on January 9, 2023 paid invoices: #369293 for $825.00 and #371117 for $2,475.00. Payments associated with Invoices #364463 and #367972 were for subscription services provided by Veeva for the 2023 service year, which ran for the twelve months through September 2023, and obligations were incurred as services were received throughout the year. Payments associated with Invoices #366827, #364855, #369293, #371117 were for managed services and the obligations associated with these invoices were incurred before each invoice date. Payments were made within the payment schedules the parties had established over their course of dealing. See Invoices #364463, #367972, #366827, #364855, #369293, #371117.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 3:  With respect to the Transfers as alleged on Exhibit A to the Complaint, state whether You: (i) received each such Transfer, (ii) disagree with the information provided with respect to any of such Transfer, and (iii) if You disagree with any of the information provided with respect to any of the Transfers, identify the information with which You disagree and state what You contend is the applicable information with respect to such Transfer.**

RESPONSE TO INTERROGATORY NO. 3:  Veeva objects to this Interrogatory in that it seeks information concerning a document (Exhibit A) as it lacks foundation and is a document that

Veeva neither produced nor created; further such Interrogatory seeks a legal conclusion and its definition of "Transfers" refers only to "goods or services previously provided." Subject to and without waiving the foregoing objections, with regard to the subject payments, Veeva received six total transfers: four of the transfers made on December 1, 2022 paid four separate invoices: #364463 for $578,004.00; #367972 for $11,760.00; #366827 for $2,475.00; and #364855 for $825.00, while the remaining two transfers made on January 9, 2023 paid invoices: #369293 for $825.00 and #371117 for $2,475.00. Veeva disagrees with the allegation that these were preferential transfers and subject to avoidance. The payments received were not made on account of an antecedent debt. Additionally, payments were made in the ordinary course of business between the Parties. Further, Veeva provided new value after the payments as evidenced by Veeva's Proof of Claim filed in the Akorn Operating Company LLC bankruptcy proceeding Case Number 23-10255-KBO, Claim Number 4-1, which would preclude avoidance of any payments.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 4: If You do not admit or otherwise believe that Plaintiff can establish each element of a claim under 11 U.S.C. § 547(b) then for any such element state in complete detail: (i) the facts upon which You rely in connection therewith, and (ii) any investigation You conducted before so concluding.**

RESPONSE TO INTERROGATORY NO. 4: Veeva objects to this Interrogatory to the extent it seeks a legal conclusion; further Veeva filed a Proof of Claim. Subject to and without waiving the foregoing objections, Veeva refers to its responses to Interrogatories Nos. 2-3 above. Further, Veeva refers to the payment records and underlying contracts provided. Further, Veeva refers to Debtor's schedules wherein it admits to prepayments. *See* Akorn Operating Company

LLC, Statements and Schedules, Schedule A, §§ 8.124–8.126 [Adm. Dkt. 74].

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 5:  If You contend that any of the Transfers You received during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(2) then state in complete detail all facts concerning whether each such Transfer was made in the ordinary course of business pursuant to 11 U.S.C. §547(c)(2), including, without limitation, all facts evidencing the Transfers (i) were made in the ordinary course of business or financial affairs of the Debtor and You, or (ii) were made according to ordinary business terms.**

RESPONSE TO INTERROGATORY NO. 5: Veeva objects to this Interrogatory to the extent it seeks a legal conclusion.  Subject to and without waiving the foregoing objections, Veeva refers to its responses to Interrogatories Nos. 2-3 above.  Veeva refers to the payment records and underlying contracts provided. Further, Veeva refers to Debtor's schedules wherein it admits to prepayments.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 6:  Identify Your industry for the purposes of 11 U.S.C. §547(c)(2)(B) and provide the applicable NAICS and/or SIC code.**

RESPONSE TO INTERROGATORY NO. 6: Veeva objects to this Interrogatory in that it is vague as to the terms "NAICS" and "SIC," and is unduly burdensome as it asks for Veeva to proactively conduct a search for the Plaintiff.  Subject to and without waiving the foregoing objections, Veeva's NAICS Code is 541511.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 7:  If You contend that any of the Transfers You received**

**during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(4) then state in complete detail all facts upon which You rely in asserting that (i) You provided subsequent new value to the Debtors, (ii) the amount of such subsequent new value, and (iii) identify the Transfers that are rendered unavoidable on account of such subsequent new value.**

RESPONSE TO INTERROGATORY NO. 7: Veeva objects to this Interrogatory to the extent it seeks a legal conclusion, and it seeks information concerning a document (Exhibit A) that lacks foundation and is a document that Veeva neither produced nor created. Subject to and without waiving the foregoing objections, Veeva refers to its responses to Interrogatories Nos. 2-3 above. Veeva refers to the payment records and underlying contracts provided. Further, Veeva refers to Debtor's schedules wherein it admits to prepayments as set forth in the response to Interrogatory No. 4 above.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 8:  If You contend that any of the Transfers You received as set forth in Exhibit A of the Complaint were made for reasonably equivalent value, then state in complete detail all the facts upon which You rely in asserting that You provided reasonably equivalent value, including the nature and value of the goods or services provided and the date provided, and the Person to who that value was provided.**

RESPONSE TO INTERROGATORY NO. 8: Veeva objects to this Interrogatory to the extent it seeks a legal conclusion, and it seeks information concerning a document (Exhibit A) that lacks foundation and is a document that Veeva neither produced nor created. Subject to and without waiving the foregoing objections, Veeva refers to its responses to Interrogatories Nos. 2-3 above. Veeva refers to the payment records and underlying contracts provided. Further, Veeva refers to

Debtor's schedules wherein it admits to prepayments as set forth in the response to Interrogatory No. 4 above.

**INTERROGATORY NO. 9:  If You contend that any of the Transfers You received during the Preference Period are protected from avoidance and/or recovery pursuant to any other defense provided by 11 U.S.C. §§ 546, 547(c), 550 or otherwise under applicable law then identify each such defense and state in complete detail all facts concerning each such defense.**

RESPONSE TO INTERROGATORY NO. 9: Veeva objects to this Interrogatory to the extent it seeks a legal conclusion and overly broad. Subject to and without waiving the foregoing objections, Veeva refers to its responses to Interrogatories Nos. 2-3 above.  Veeva refers to the payment records and underlying contracts provided. Further, Veeva refers to Debtor's schedules wherein it admits to prepayments as set forth in response to Interrogatory No. 4 above.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 10:  Identify all persons with knowledge of the facts upon which You rely in connection with any defense You have to avoidance and/or recovery of any of the Transfers.**

RESPONSE TO INTERROGATORY NO. 10:  Veeva objects as this is duplicative and unduly burdensome as it relates to responses already provided to the Plaintiff.  Subject to and without waiving the foregoing objections, Veeva already provided this information in its initial disclosures as provided on July 11, 2025, and is subject to any supplements thereto. Further, Veeva refers to the initial disclosures as well as the Order Establishing Streamlined Procedures Governing Adversary Proceedings with Total Amount in Controversy Greater Than $75,000.00 Brought by Plaintiff Pursuant to Sections 502, 547, 548, and 550 of the Bankruptcy Code [Adv.

Dkt. 6] ("Procedures Order").

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 11: Identify all Documents that You intend to introduce into evidence or use as a demonstrative exhibit at trial of this Adversary Proceeding.**

RESPONSE TO INTERROGATORY NO. 11: Veeva objects as this Interrogatory is unduly burdensome and is premature per the terms of the Procedures Order.  Veeva refers to paragraph 22 of the Procedures Order wherein fact and expert discovery shall be concluded the later of (i) one hundred twenty (120) days after the Mediator's Report is filed or (ii) three hundred seventy-five (375) days from the entry of the Procedures Order. Subject to and without waiving the foregoing objections, Veeva refers to its filed Proof of Claim with attachments as well as its initial disclosures as provided on July 11, 2025, and any supplements thereto.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 12: Identify each person You expect to call as a fact witness at trial of this Adversary Proceeding and state the subject matter(s) upon which each such witness is expected to testify.**

RESPONSE TO INTERROGATORY NO. 12: Veeva objects to this is Interrogatory as vague, unduly burdensome and is premature per the terms of the Procedures Order.  Veeva refers to paragraph 22 of the Procedures Order wherein fact and expert discovery shall be concluded the later of (i) one hundred twenty (120) days after the Mediator's Report is filed or (ii) three hundred seventy-five (375) days from the entry of the Procedures Order. Subject to and without waiving the foregoing objections, Veeva refers to its initial disclosures as provided on July 11, 2025, and any supplements thereto.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 13:  Identify each person You expect to call as a non-expert opinion witness at trial of this Adversary Proceeding and state the subject matter(s) upon which each such witness is expected to testify.**

RESPONSE TO INTERROGATORY NO. 13: Veeva objects as this Interrogatory is unduly burdensome and is premature per the terms of the Procedures Order. Veeva refers to paragraph 22 of the Procedures Order wherein fact and expert discovery shall be concluded the later of (i) one hundred twenty (120) days after the Mediator's Report is filed or (ii) three hundred seventy-five (375) days from the entry of the Procedures Order. Subject to and without waiving the foregoing objections, Veeva refers to its initial disclosures as provided on July 11, 2025, and any supplements thereto.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 14:  Identify each person You expect to call as an expert witness at trial of this Adversary Proceeding and state the subject matter(s) upon which each such witness is expected to testify.**

RESPONSE TO INTERROGATORY NO. 14: Veeva objects as this Interrogatory is unduly burdensome and is premature per the terms of the Procedures Order.  Veeva refers to paragraph 20 of the Procedures Order wherein expert reports are not due until 60 days after a Mediator's Report is filed. Subject to and without waiving the foregoing objections, Veeva refers to its initial disclosures as provided on July 11, 2025, and any supplements thereto.

Discovery is ongoing and Veeva reserves its right to supplement its response.

**INTERROGATORY NO. 15: Describe generally the nature of Your relationship to the Debtors, including how long such relationship existed, which Debtor(s) purchased the goods and/or services that were paid by the Transfers, and what type of goods and/or**

**services You provided to Debtors, if any.**

RESPONSE TO INTERROGATORY NO. 15:  Veeva objects to this Interrogatory to the extent it seeks a legal conclusion and its definition of "Transfers" refers only to "goods or services previously provided." Subject to and without waiving the foregoing objections, Veeva is a software development company that offers support and services, including software subscription services to Akorn, Inc. and Akorn Operating Company LLC. Veeva's business relationship with Debtors began on September 10, 2014.

**INTERROGATORY NO. 16:  If You contend that You are not the initial transferee of any Transfer referred to in the Complaint, or that You are not the entity for whose benefit any such Transfer referred to in the Complaint was made, then state all facts in support of such contention, including the identity of any such transferee and the basis upon which the transferee was allegedly entitled to receive the Transfer.**

RESPONSE TO INTERROGATORY NO. 16:  Veeva objects to this Interrogatory as it is vague and does not define "initial transferee", and it seeks a legal conclusion.  Subject to and without waiving the foregoing objections, Veeva only transacted with the Debtor.

**INTERROGATORY NO. 17:  Identify and describe any and all efforts by You during the Pre-Preference Period and during the Preference Period to collect any debts owed form [sic] the Debtors to You, including, but not limited to, any correspondence, letters, dunning notices, emails, telephone calls, facsimiles, and/or other communications between You and Debtors.**

RESPONSE TO INTERROGATORY NO. 17: Veeva objects to this Interrogatory as it is vague and does not define "debts owed."  Subject to and without waiving the foregoing objections, Veeva and Akorn, Inc. entered into the Master Services Subscription Agreement on September

10, 2024. Since that time, Veeva sent numerous invoices and received payment and pre-payment for goods and services provided. Since the Master Services Subscription Agreement was entered into, including the Historical Period, Veeva sent notices for invoices that were beyond the stated terms of payment.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:  All Contracts, agreements, invoices, purchase orders, or other Documents evidencing the terms of Your business relationships with any of the Debtors.**

RESPONSE: Veeva objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case and beyond the scope of discovery permissible under the Rules in that it requests "[A]ll Contracts, agreements, invoices, purchase orders or other Documents."  Additionally, the Request fails to specify a relevant time frame. Without a defined temporal scope, the Request imposes an undue burden on Responding Party to search for and produce documents that may be irrelevant, outdated, or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 2:  All Communications between You and any of the Debtors concerning Your business relationship with any of the Debtors.**

RESPONSE: Veeva objects to the Request as it is overly broad, unduly burdensome, and disproportionate to the needs of the case.  It seeks communications regarding the business relationship for more than 12 years. Without a more defined temporal and subject scope, the Request imposes an undue burden on Veeva to search for and produce documents that may be irrelevant, outdated, or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Veeva will produce non-privileged documents responsive to this Request for the time period of the Preference Period as

to the claims presented.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 3:  All Communications during the Preference Period between You and any of the Debtors concerning any amounts due from any of the Debtors to You.**

RESPONSE: Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 4:  All Communications during the Pre-Preference Period between You and any of the Debtors concerning any amounts due from any of the Debtors to You.**

RESPONSE: Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 5:  All Communications during the Preference Period between You and any of the Debtors relating to payment of any amounts due from any of the Debtors to You**.

RESPONSE: Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 6:  All Communications during the Pre-Preference Period between You and any of the Debtors relating to payment of any amounts due from any of the Debtors to You.**

RESPONSE: Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 7:  All Communications during the Preference Period between You and any of the Debtors concerning any amounts due to any of the Debtors from You.**

RESPONSE: Veeva will produce non-privileged documents responsive to this Request.  Such

production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 8:  All Communications during the Pre-Preference Period between You and any of the Debtors concerning any amounts due to any of the Debtors from You.**

RESPONSE: Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 9:  All Documents that show the timing, amount and manner of any payments by any of the Debtors to You during the Pre-Preference Period.**

RESPONSE: Veeva objects to the Request to the extent that it seeks information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable privilege, immunity, or protection.  Subject to and without waiving the foregoing objection, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 10:  All Documents that show the timing, amount and manner of any payments by any of the Debtors to You during the Preference Period.**

RESPONSE: Veeva objects to the Request to the extent that it seeks information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable privilege, immunity, or protection.  Subject to and without waiving the foregoing objection, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 11:  All Documents supporting any claim You have in the Cases including, but not limited to, a filed proof of claim.**

RESPONSE: Veeva objects to the Request to the extent that it seeks information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable

privilege, immunity, or protection; further the Request is overly burdensome and requests information already provided and available to the Plaintiff.  Subject to and without waiving the foregoing objections, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 12:  All Documents evidencing or relating to any disagreement You may have with the information provided with respect to any of the Transfers included on Exhibit A to the Complaint.**

RESPONSE: Veeva objects to the Request as it is vague, unduly burdensome and seeks information concerning a document (Exhibit A), a document that lacks foundation and is a document that Veeva neither produced nor created; Veeva also objects to the Request to the extent that it seeks information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable privilege, immunity, or protection; and Veeva further objects to this Request as it is premature and discovery is ongoing.  Subject to the foregoing objections and without waiving the objections, and to the extent that Veeva understands the Request, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 13:  All Documents evidencing or relating to any element that You contend Plaintiff cannot establish under 11 U.S.C. § 547(b) in respect of any of the Transfers included on Exhibit A to the Complaint.**

RESPONSE: Veeva objects to the Request as it is vague, unduly burdensome and seeks information concerning a document (Exhibit A), a document that lacks foundation and is a document that Veeva neither produced nor created; it seeks a legal conclusion; and Veeva

objects to the extent that it seeks information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable privilege, immunity, or protection. Subject to the foregoing objections and without waiving the objections, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 14:  All Documents evidencing or relating to any contention by You that any of the Transfers You received during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(1).**

RESPONSE: Veeva objects to the Request as it seeks a legal conclusion and to the extent that it seeks information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable privilege, immunity, or protection.  Subject to the foregoing objections and without waiving the objections, and to the extent that Veeva understands the request, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 15:  All Documents evidencing or relating to any contention by You that any of the Transfers You received during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(2).**

RESPONSE: Veeva objects to the Request as it seeks a legal conclusion and to the extent that it seeks information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable privilege, immunity, or protection.  Subject to the foregoing objections and without waiving the objections, and to the extent that Veeva understands the request, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 16:  All Documents evidencing or relating to any contention by You that any of the Transfers You received during the Preference Period are protected by the defense contained in 11 U.S.C. § 547(c)(4).**

RESPONSE: Veeva objects to the Request as it seeks a legal conclusion and to the extent that it seeks information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable privilege, immunity, or protection.  Subject to the foregoing objections and without waiving the objections, and to the extent that Veeva understands the Request, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 17:  All Documents evidencing or relating to any contention by You that any of the Transfers You received during the Preference Period are protected from avoidance and/or recovery pursuant to any other defense provided by 11 U.S.C. §§ 546, 547(c), 550 or otherwise under applicable law.**

RESPONSE: Veeva objects to the Request as it seeks a legal conclusion and to the extent that it seeks information or documents protected by the attorney–client privilege, the work product doctrine or any other applicable privilege, immunity, or protection.  Subject to the foregoing objections and without waiving the objections, and to the extent that Veeva understands the Request, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 18:  If you contend that you are not the initial transferee of any Transfer referred to in the Complaint, or that you are not the entity for whose benefit any such Transfer referred to in the Complaint was made, then provide all documents evidencing or relating to any initial transferee or any entity for whose benefit any such**

**Transfer was made.**

RESPONSE: Veeva objects to the Request as it seeks a legal conclusion. Subject to the foregoing objection and without waiving the objections, and to the extent that Veeva understands the request, Veeva will produce non-privileged documents responsive to this Request. Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 19:   The curriculum vitae and any and all reports prepared by each expert retained by You in this Adversary Proceeding, and all documents referred to or relied upon by each such expert in preparing such expert's reports**.

RESPONSE: Veeva objects to this Request as it is premature and discovery is ongoing. Veeva further refers to the Procedures Order, particularly ¶ 20.  Subject to the foregoing objections, Veeva will produce non-privileged documents responsive to this Request and per the Procedures Order and subject to a Protective Order where applicable.

**REQUEST NO. 20:   All Documents upon which You intend to rely or introduce into evidence to support any affirmative defense or argument set forth in Your Answer to the Complaint and not produced in response to the preceding requests.**

RESPONSE: Veeva objects to this Request as it is premature and discovery is ongoing.  Subject to the foregoing objections, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**REQUEST NO. 21:   Any documents relied upon in the preparation of your responses to Plaintiff's Interrogatories.**

RESPONSE: Veeva objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case and beyond the scope of discovery permissible under

-21-

the Rules in that it requests "any" documents "relied upon" in responding to the Interrogatories. This Request would require the production of documents whether or not they were cursorily reviewed in part or in their entirety as part of the process in responding to interrogatories, without regard to whether documents or portions of the document was actually used in responding to the interrogatories.  Veeva further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, joint defense privilege or any other privilege or protection, or seeks Veeva's or a third party's confidential or proprietary information.  Veeva incorporates the General Objections, detailed above, as if fully set forth herein. Subject to the foregoing objections, Veeva will produce non-privileged documents responsive to this Request.  Such production will be made on a rolling basis and subject to a Protective Order where applicable.

**RESPONSES TO REQUESTS FOR ADMISSONS**

**REQUEST NO. 1:  Admit that You received all the Transfers identified in Exhibit A to the Complaint.**

ANSWER:  Veeva objects to this Request as it is vague, unduly burdensome and seeks information concerning a document (Exhibit A), a document that lacks foundation and is a document that Veeva neither produced nor created. Subject to the foregoing objections and without waiving the objections Veeva admits to the extent that it was paid $596,364.00; to the extent that this demand seeks for Veeva to deem such payment as a preferential transfer as alleged in Paragraphs 25 though 35 of the Plaintiff's, complaint, Veeva denies and refers to its responses to Interrogatories Nos. 2-3 above, and denies all remaining allegations.

**REQUEST NO. 2:  Admit that You benefited from receipt of the Transfers identified in Exhibit A to the Complaint.**

ANSWER:  Veeva objects to this Request as it is vague, unduly burdensome and seeks information concerning a document (Exhibit A), a document that lacks foundation and is a document that Veeva neither produced nor created; further the Request is vague as to the term "benefit" and seeks a legal conclusion as to "benefit" and therefore no response is required. Subject to the foregoing objections and without waiving the objections, Veeva admits to the extent that it received its contracted payments and denies all remaining allegations.

**REQUEST NO. 3:  Admit that You were a creditor of the Debtors at the time the Transfers were made.**

ANSWER:  Veeva objects to this Request as it seeks a legal conclusion and the Request is vague as to the term "creditor" and therefore no response is required.  Subject to the foregoing objections

and without waiving the objections, Veeva admits to maintaining an existing contract with the Debtor when payments were received and denies all remaining allegations.

**REQUEST NO. 4:** **Admit that each of the Transfers were made on account of an antecedent debt owed by the Debtors to You with respect to which such Transfer relates.**

ANSWER:  Veeva objects to this Request as it seeks a legal conclusion and the demand is vague as to the term "antecedent debt" and therefore no response is required.  Subject to the foregoing objections and without waiving the objections, Veeva denies and refers to responses to Interrogatories for the basis.

**REQUEST NO. 5:** **Admit that you did not provide reasonably equivalent value for the Transfers.**

ANSWER:  Veeva objects to this Request as it seeks a legal conclusion and the demand is vague as to the term "reasonably equivalent value" and therefore no response is required.  Subject to the foregoing objections and without waiving the objections, Veeva denies and refers to responses to Interrogatories above for the basis of its denial and factual support for the defenses.

**REQUEST NO. 6:** **Admit that the Debtors were insolvent at the time of the Transfers.**

ANSWER: Veeva objects to this Request as it seeks a legal conclusion and therefore no answer is required. Veeva lacks information and knowledge to support any basis to answer the demand and, therefore, denies.

**REQUEST NO. 7:** **Admit that as of the date of these Requests for Admission, You have not returned any of the Transfers to the Debtors**.

ANSWER:  Veeva admits to the extent that it has not returned the prepayment funds received from the Debtor; denies all remaining allegations and any inference that Veeva is keeping preferential transfers as alleged in Plaintiff's complaint.

**REQUEST NO. 8**:  Admit that You requested payment from the Debtors relating to the Transfers.

ANSWER:  Admits to the extent that invoicing was provided, but denies all payment of invoices on account of antecedent debt; denies all remaining allegations.

**REQUEST NO. 9**:  Admit that You advised the Debtors that You would not continue to provide further goods or services without payment of outstanding invoices.

ANSWER:  Veeva objects to the Request as it is vague.  Subject to the foregoing objections and without waiving the objections, Veeva denies and affirmatively states that Veeva continued to provide goods and services after the alleged Transfers; further Veeva reserved its rights, did not exercise the right and continued to provide goods and services.

**REQUEST NO. 10**:  Admit that prior to the Petition Date, Your collections department or, someone on behalf of your collections department, was communicating with the Debtors.

ANSWER:  Veeva objects to the Request as it is vague.  Subject to the foregoing objections and without waiving the objections, deny.

**REQUEST NO. 11**:  Admit that the value of any goods and/or services provided by you to the Debtors during the Preference Period was less than $596,364.00.

ANSWER:  Deny, and affirmatively assert that the goods and services provided by Veeva were worth at least $596,364.00.

**REQUEST NO. 12**:  Admit that You received notice of the Cases on or about the Petition Date.

QB\99134271.2                                                    -24-

ANSWER:  Veeva objects to this Request as it is vague as to the term "notice of the Cases" but admits to the extent that it did receive a communication that a bankruptcy petition was filed but it was sometime after the filing of the Cases.

**REQUEST NO. 13:  Admit Your collections department, or someone on behalf of Your collections department, handles receivables when a customer is not paying within terms.**

ANSWER:  Veeva objects to this Request as it is vague, but subject to this objection, admits.

**REQUEST NO. 14:  Admit that the Debtors were not paying You within their stated terms during the Preference Period.**

ANSWER:  Veeva denies to the extent that the Request infers that the payments were not made in the ordinary course and admits that payments were not always made to Veeva by the Debtors per the exact terms of an invoice, but also states that payment according to terms is not determinative for establishing the ordinary course of business between the Parties, and denies all remaining allegations.

**REQUEST NO. 15:  Admit that You are the initial Transferee of the Transfers.**

ANSWER:  Veeva objects to this Request to the extent that this Request seeks a legal conclusion; subject to the objection, Veeva admits no other parties are or were involved in the transaction beyond Veeva and the Debtors.

**REQUEST NO. 16:  Admit that You are the person for whose benefit the Transfers were made.**

ANSWER:  Veeva objects to this Request as it is vague and seeking a legal conclusion; subject to the objections, Veeva denies and affirmative states both contracting parties benefited from the payments.

**REQUEST NO. 17:  Admit that You filed a timely proof of claim in the Cases.**

ANSWER: Admit.

**REQUEST NO. 18:  Admit that, to date, You did not receive payment on any portion of the proof of claim You filed in the Cases.**

ANSWER: Admit.

Dated: October 24, 2025

**ROBINSON & COLE LLP**


*/s/ Davis Lee Wright*
Davis Lee Wright (No. 4324)
1201 N. Market Street, Suite 1406
Wilmington, DE 19801
Telephone: (302) 516-1700
Email: dwright@rc.com


and


**QUARLES & BRADY LLP**


*/s/ Brittany S. Ogden*
Brittany S. Ogden (SBN 1035853)
33 East Main St., Suite 900
Madison, WI 53703
Telephone: (608) 251-5000
Email: brittany.ogden@quarles.com
*Attorneys for Veeva Systems Inc.*

-28-

## VERIFICATION

Chris Huff, Director, Global Revenue Operations, for Veeva Systems Inc. ("Veeva"), hereby declares the following: I have read the foregoing Responses to First Set of Interrogatories and know the contents thereof. The factual statements herein contained pertaining to Veeva are true, except those made on information and belief, which I believe to be true to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of October, 2025.

_____