# Exhibit B

| | |
|---|---|
| **From:** | Falk, Turner N. |
| **To:** | Ogden, Brittany S. |
| **Cc:** | Davis Lee Wright (dwright@rc.com); Novick, Michelle G. |
| **Subject:** | RE: Akorn -Veeva: Follow Up from Today"s Meet and Confer [QBLLP-ACTIVE.FID60018954] |
| **Date:** | Friday, March 6, 2026 12:20:06 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | 01.2023 Bank Statements_Redacted.pdf |
| | 01-05-23 ACH_Redacted.pdf |
| | 11.2022 Bank Statements_Redacted.pdf |
| | 11-29-22 ACH_Redacted.pdf |

Brittany,

You have not yet confirmed whether both sides are in agreement on the timing, amount and method by which the challenged payments were made.  In an abundance of caution, I have attached the bank statement documents showing that the challenged transfers were made as stated by the Trustee: first an ACH goes out of the bank account, then the ACH record shows which parties were paid sub-portions of that ACH.

After consultation with our client, we are not aware of any additional responsive documents aside from the documents Veeva produced to us.

We will prepare a statement of the Trustee's position on prepayments and other defenses shortly.

Thank you,

**Turner N. Falk**
Associate
**SAUL EWING LLP** | Philadelphia
**Office:** (215) 972-8415    **Cell:** (732) 773-3533

---

**From:** Ogden, Brittany S. <brittany.ogden@quarles.com>
**Sent:** Thursday, March 5, 2026 5:53 PM
**To:** Falk, Turner N. <turner.falk@saul.com>
**Cc:** Davis Lee Wright (dwright@rc.com) <dwright@rc.com>; Novick, Michelle G. <michelle.novick@saul.com>
**Subject:** RE: Akorn -Veeva: Follow Up from Today's Meet and Confer [QBLLP-ACTIVE.FID60018954]

Good Afternoon, Turner.

Thank you for your email and the limited documents provided. We appreciate the willingness to provide some responsive material but this is insufficient.  While we understand the Trustee's position regarding additional documents, such position is contrary to basic discovery rules provided by the Federal Rules of Civil Procedure. The Trustee is under an obligation to both

supplement his initial disclosures and provide the documents requested in Veeva's written discovery demands. As we have stated before, the Trustee affirmatively stated <u>thirty-nine</u> times to Veeva's document demand that responsive documents exist and would be produced or made available for inspection. In his answers to Veeva's Interrogatories, the Trustee also answered that supplementation of <u>thirteen</u> answers was forthcoming. Critical to this case are any documents and communications the Debtor has in regards to payments. To date, the Trustee has not provided such responsive material. Just because the Trustee does not wish to rely on such material in his possession does not mean that it is not relevant. Veeva has the right to the responsive information and documents in the possession of the Trustee.

We reiterate our request that the Trustee make immediate production, particularly as to all documents and communications concerning payments.  When can we expect such production will be achieved?  Time is of the essence since we know that there are important upcoming deadlines.

Additionally, we await the enumeration of the Trustee's position on the prepayment issue mentioned in your email below.

Thank you,
Brittany



**Brittany Ogden | Partner**
brittany.ogden@quarles.com | D. 608-283-2457
Quarles & Brady LLP
33 East Main Street, Suite 900, Madison, WI 53703-3095
Bio [url.us.m.mimecastprotect.com] | vCard [url.us.m.mimecastprotect.com] | quarles.com
[url.us.m.mimecastprotect.com] | LinkedIn [url.us.m.mimecastprotect.com]
Assistant: Kristie Knitter, 608-283-2464

---

**From:** Falk, Turner N. <turner.falk@saul.com>
**Sent:** Monday, March 2, 2026 12:18 PM
**To:** Ogden, Brittany S. <brittany.ogden@quarles.com>; Novick, Michelle G.
<michelle.novick@saul.com>
**Cc:** Davis Lee Wright (dwright@rc.com) <dwright@rc.com>
**Subject:** RE: Akorn -Veeva: Follow Up from Today's Meet and Confer [QBLLP-ACTIVE.FID60018954]

Brittany,

Attached are the invoices paid by the challenged transfers.  Please let me know if Veeva has any dispute over the date, time and amount that the challenged transfers were paid – we can provide redacted bank transfer documents if this issue is in dispute.

We were just able to connect with our client on other types of document production and believe (subject to final confirmation from the Trustee) that we will not use at trial any documents aside

from those in Veeva's production, attached to this email, or bank transfer document provided if that issue is still open.

I concur that we should now discuss the prepayment issue; based upon your production we will follow up shortly with an enumeration of the Trustee's position.

Thank you,

> **Turner N. Falk**
> Associate
> **SAUL EWING LLP** | Philadelphia
> **Office:** (215) 972-8415   **Cell:** (732) 773-3533

---

**From:** Ogden, Brittany S. <brittany.ogden@quarles.com>
**Sent:** Friday, February 27, 2026 2:51 PM
**To:** Novick, Michelle G. <michelle.novick@saul.com>; Falk, Turner N. <turner.falk@saul.com>
**Cc:** Davis Lee Wright (dwright@rc.com) <dwright@rc.com>
**Subject:** Re: Akorn -Veeva: Follow Up from Today's Meet and Confer [QBLLP-ACTIVE.FID60018954]

Good Afternoon, Michelle and Turner.

We appreciated the opportunity to meet and confer today and understand from those discussions that the Trustee is no longer contesting the validity of Veeva's production and that the Trustee appreciates he is not prejudiced by such production.

With respect to the Trustee's pending production, we were left with the impression that you have not discussed with your client whether or not he has documents responsive to our discovery requests. This is disappointing. Veeva's discovery requests have been pending for nearly seven months. Moreover, the Trustee's own answers to the interrogatories and document requests indicated that the Trustee would produce responsive documents. We have been raising the Trustee's lack of production for several weeks and that was an issue for today's meet and confer.

We understand that you will be reaching out to the Trustee this afternoon regarding his document production. Given the continuing schedule and deadlines identified in the procedures order, time is of the essence. Therefore, we request that **by Monday morning, March 2nd**, the Trustee responds to advise Veeva that he either has no responsive documents or he will make a document production on a rolling basis with an initial production to occur no later than March 6, 2026 and the production to conclude by March 13, 2026. If we do not hear from you by Monday morning, we will have no choice but to seek relief from the Court.

Veeva remains open to settlement discussions, a position that we most recently reiterated at the conclusion of the mediation session. In order to move such discussions forward in this regard, we would appreciate it if the Trustee addresses the prepayment argument raised by Veeva as part of the mediation statement.

Thank you,

Brittany



**Brittany Ogden | Partner**
brittany.ogden@quarles.com | D. 608-283-2457
Quarles & Brady LLP
33 East Main Street, Suite 900, Madison, WI 53703-3095
Bio [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] | vCard [url.us.m.mimecastprotect.com]
[url.us.m.mimecastprotect.com] | quarles.com [url.us.m.mimecastprotect.com]
[url.us.m.mimecastprotect.com] | LinkedIn [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com]
Assistant: Kristie Knitter, 608-283-2464

---

**From:** Novick, Michelle G. <michelle.novick@saul.com>
**Sent:** Tuesday, February 24, 2026 4:49 PM
**To:** Ogden, Brittany S. <brittany.ogden@quarles.com>
**Cc:** Falk, Turner N. <turner.falk@saul.com>; Davis Lee Wright (dwright@rc.com) <dwright@rc.com>
**Subject:** RE: Akorn -Veeva [QBLLP-ACTIVE.FID60018954]

Hi Brittany,

Yes, we intend to speak with our client and get back to you regarding the concerns you raise below when we meet again on Friday.

Michelle

> **Michelle Novick**
> Partner
> **SAUL EWING LLP** | Chicago
> **Office:** (312) 876-7899

---

**From:** Ogden, Brittany S. <brittany.ogden@quarles.com>
**Sent:** Tuesday, February 24, 2026 4:27 PM
**To:** Novick, Michelle G. <michelle.novick@saul.com>
**Cc:** Falk, Turner N. <turner.falk@saul.com>; Davis Lee Wright (dwright@rc.com) <dwright@rc.com>
**Subject:** RE: Akorn -Veeva [QBLLP-ACTIVE.FID60018954]

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Good Afternoon, Michelle.

Yes, I just sent you the invite for a follow up meet and confer for 10 am CT for this Friday. Apologies for the delay in doing so as I have been tied up with back to back meetings since our

call from earlier today.

During today's meet-and-confer, we raised, among other things, a few major concerns:

1. Is your client taking the position that discovery is closed and no documents produced by Veeva during the course of this litigation matter may be relied upon at trial?
2. Will your client be producing any documents, as described in your written discovery responses?
3. Is your client intending to acknowledge our most recent production as valid?

As we stated during the meet-and-confer, if your client is taking the position that discovery and document production is closed, we will need to seek relief from the Court promptly. We also will seek relief from the Court to the extent your client takes the position that your client will (1) not produce any documents; and (2) will not acknowledge our most recent production as valid. We believe that the Court will agree with our position on both the reading of the Procedures Order and the basic principles of discovery.

We understand you needed time to confer with your client to confirm his positions on these issues, and we look forward to speaking with you on Friday, at 10am CT on the same. We anticipate that you will be able to confirm your client's position at that follow-up meet-and-confer. Otherwise, this additional meeting will not be productive.

Please let us know if you would like to discuss matters in the interim.

Thank you,
Brittany




**Brittany Ogden | Partner**
brittany.ogden@quarles.com | D. 608-283-2457
Quarles & Brady LLP
33 East Main Street, Suite 900, Madison, WI 53703-3095
Bio [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] | vCard [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] | quarles.com [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] | LinkedIn [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com]
Assistant: Kristie Knitter, 608-283-2464

---

**From:** Novick, Michelle G. <michelle.novick@saul.com>
**Sent:** Tuesday, February 24, 2026 3:57 PM
**To:** Ogden, Brittany S. <brittany.ogden@quarles.com>
**Cc:** Falk, Turner N. <turner.falk@saul.com>
**Subject:** Akorn -Veeva

Hi Brittany,

Will you be circulating zoom information for the follow-up call/meeting on Friday at 10:00 a.m. (Central)/11:00 a.m.(Eastern)?

Thanks,

Michelle



**Michelle Novick**

Partner

📞 (312) 876-7899

✉ michelle.novick@saul.com

[url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com]

**Read my bio [saul.com]**  **>>**
**[url.us.m.mimecastprotect.com]**
**[url.us.m.mimecastprotect.com]**
**[url.us.m.mimecastprotect.com]**

## SAUL EWING

[saul.com] [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com]

161 North Clark
Suite 4200
Chicago, IL 60601

CA • DE • FL • IL • MA • MD • MN • NJ • NY • PA • DC [saul.com] [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com] [url.us.m.mimecastprotect.com]

**INSPIRED PEOPLE. INSPIRING TRUST.®**