# Exhibit D

| | |
|---|---|
| **From:** | Ogden, Brittany S. |
| **To:** | Falk, Turner N. |
| **Cc:** | Davis Lee Wright (dwright@rc.com); Novick, Michelle G. |
| **Bcc:** | Charles, Elizabeth A.; Hendricks, Dallin B.; Knitter, Kristie M.; "Veeva Systems Inc    Akorn Holding Compa _173799_00003_ E_Mail _173799_00003_" |
| **Subject:** | Akorn (Miller v. Veeva) Adv. Proc. No. 25-50220: Responsive Document Production and Discovery Deficiencies [QBLLP-ACTIVE.FID60018954] |
| **Date:** | Wednesday, March 25, 2026 2:58:57 PM |
| **Attachments:** | image002.png |

Good Afternoon, Turner.

We write regarding the parties' ongoing discovery dispute. We reviewed your client's recent production. We appreciate the Trustee's supplements; however, the Trustee's productions remain well short of providing the responsive documentation and information that the Trustee agreed to produce in his written discovery responses.

Here are a number of examples of remaining deficiencies.  The Trustee states that "the Debtors' AP ledgers, bank statements, invoice histories, and any communications in the Debtors' files concerning payment expectations or collections are documents that support" his contention that the Transfers were not made within the ordinary course of business. *See e.g.* Resp. to Interrogatory No. 10. What communications is the Trustee referring to here? They have not been produced nor have the AP ledgers, bank statements, or invoice histories.  The Trustee also references the Trustee's pre-suit investigation in response to Interrogatory No. 2. Furthermore, the documents underlying this investigation were specifically requested (*see* RFP No. 37), yet no documents from this pre-suit investigation have been produced and Veeva has no way of knowing which documents the Trustee used in conducting this pre-suit investigation. Further, in numerous responses, the Trustee refers to the Debtor's "books and records." *See, e.g.,* Resp. to Interrogatory No. 2. What documents is the Trustee referring to by this reference? Clearly relevant to this matter and should be included in this reference are Akorn's pre-petition financial statements that have not been produced. Further, in responses to multiple interrogatories, including Interrogatories Nos. 7-9, the Trustee asserted that he would calculate and produce certain averages and ranges based on an evaluation of Debtor's accounts payable and bank records. Such calculations were not provided in any interrogatory response; and the Trustee has failed to produce the accounts payable and bank records referenced in these answers. *See* RFP No. 1. The Trustee also represented that he would produce "non-privileged contracts or purchase orders located in the Debtor's files after a reasonable search"  and "non-privileged records located in the Debtor's files that identify invoice numbers, invoice dates, amounts, payment dates, methods and amounts, and remittance details for payments reflected in the Debtors' records", none of which has been produced. *See* Resp. to Interrogatory Nos. 4 and 6. Finally, the Trustee has not produced any internal communications of the Debtor. These communications are responsive to at least, Requests 8, 11, and 15, and internal communications of the Debtor are plainly relevant to the issue of the nature of the payments that form the basis of the dispute.

Not only has the Trustee failed to produce *any* of this documentation, but the responses concede that this additional responsive documentation exists. This makes it puzzling that during our meet-and-confer you repeatedly asked us what additional documentation Veeva could possibly be after. As we said then, we are seeking the documents which the Trustee has represented exists and is responsive.  Not only has the Trustee not produced these documents, but, based on discussions during our meet-and-confers, we understand that the Trustee has not made a reasonable search, or any search at all, for these documents. The Trustee represented

that these documents exist and are responsive as outlined above. We have attempted to resolve these issues through multiple correspondence and meet-and-confers, yet the Trustee has refused to either (1) properly supplement his responses, answers, and productions; or (2) confirm that no additional responsive documents exist. This is obviously improper, as we have repeatedly pointed out. We further note that your representations in your February 20th email that "Veeva should be in possession of all relevant documents" and in your March 2nd email that the Trustee "will not use at trial any documents aside from those in Veeva's production, attached to this email, or bank transfer document provided if that issue is still open" are insufficient. First, you caveated your March 2nd representation as being subject to final confirmation from the Trustee. You have never made this final confirmation. Second, in any event, these informal representations are not proper, rather this representation should come in the form interrogatories signed by the Trustee.  Third, the Trustee cannot object to the relevancy of these documents because the Trustee stated that such documents are responsive and would be produced.

As you are aware, multiple case deadlines, including expert reports and dispositive motions, are quickly approaching. This discovery is essential to Veeva's ability to meet these deadlines and Veeva's ability to defend against the Trustee's case against it. We do not think it efficient to engage in a continued back and forth on these issues.  We have had multiple meet and confers about the need for responsive discovery and the production has been most deficient. Moreover, the Trustee seems uninterested in good faith negotiations, as demonstrated by your latest response to Veeva's settlement offer. In that communication, you argue that your case has only gotten stronger based on documents that Veeva has provided. We disagree with that premise, but we would point out that it is patently unfair to attempt to use Veeva's compliance with its discovery obligations against it, all while the Trustee is refusing to comply with his own discovery obligations. We think the Court will agree that the Trustee's multiple and continued discovery production failures are improper.

Accordingly, by **Noon ET on Friday, March 27th**, please confirm that the Trustee will be supplementing his discovery responses with additional information and documentation, including a confirmation that a reasonable search for responsive documents has been completed. If we do not receive this confirmation, we will have no choice but to seek immediate relief from the Court as to this discovery and modification of the existing schedule given the Trustee's failure to comply with basic discovery obligations.

Brittany



**Brittany Ogden | Partner**
brittany.ogden@quarles.com | D. 608-283-2457
Quarles & Brady LLP
33 East Main Street, Suite 900, Madison, WI 53703-3095
Bio | vCard | quarles.com | LinkedIn
Assistant: Kristie Knitter, 608-283-2464

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.