

Turner N. Falk

Phone:  (214) 972-8415

turner.falk@saul.com

www.saul.com

April 1, 2026

***VIA ECF ONLY***

The Honorable Karen B. Owens
United States Bankruptcy Court for the District of Delaware
824 North Market Street
Wilmington, Delaware 19801

> Re:  *George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC et al. v. Veeva Systems Inc.;* Adversary Proceeding No. 25-50220 (KBO)

Dear Chief Judge Owens:

We represent George Miller, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estates of Akorn Holding Company LLC and its affiliates[1], the plaintiff in the above-referenced adversary proceeding (the "**Adversary Proceeding**").  In this Adversary Proceeding, the Trustee seeks to recover $596,364.00 from Veeva Systems Inc. ("**Veeva**"), primarily for preferential transfers pursuant to 11 U.S.C. § 547.  This letter is in response to Veeva's letter dated March 30, 2026, alleging that it is entitled to outstanding discovery from the Trustee [Adversary Docket #27].

Under the applicable Procedures Order entered by this Court on June 11, 2025 [Bankr. Docket # 1408], as extended by stipulation with Veeva, document discovery closed on **November 21, 2025** ("**Discovery Deadline**").  Veeva did not produce any documents to the Trustee in advance of the Discovery Deadline, and the Trustee did not seek to compel production of any documents from Veeva prior to the Discovery Deadline because he already had documents sufficient to support his prima facie case and Veeva had not produced any documents substantiating its alleged defenses.

On February 2, 2026, the Trustee and Veeva entered into mediation ("**Mediation**") with Leslie Berkoff serving as the mediator ("**Mediator**").  While Veeva's mediation statement raised

---

[1]  The debtors in these Chapter 7 cases, along with the last four digits of each debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184).

The Honorable Karen B. Owens
April 1, 2026
Page 2

certain defenses, Veeva did not produce a single document in advance of, or at, the Mediation to either the Trustee or the Mediator in support of its defenses, which was almost three months after the Discovery Deadline passed.

The Mediation concluded on February 12, 2026. Veeva produced documents to the Trustee on February 23, 2026, at least 75 days after the Discovery Deadline. Veeva's production included numerous emails between Veeva and the Debtors, as well as underlying contracts and agreements between the Debtors and Veeva. These are the documents that Veeva is now seeking. The Trustee has informed Veeva that he doesn't have any additional documents to produce in support of his prima facie case and/or that would be produced by the Trustee at trial, and for the Trustee to reproduce to Veeva the documents Veeva already produced to the Trustee would be burdensome, a colossal waste of time/expense and disproportionate to the needs of this case. To the extent that Veeva has sought other documents from the Trustee (that were not included in Veeva's document production), the Trustee has already provided them to Veeva including bank statements and payment records for the challenged transfers.

To fully understand the absurdity of Veeva's discovery requests, a search of the Debtors' email records available to the Trustee shows 125,000 emails mentioning Veeva during the preference period. Even after several meet-and-confers, Veeva has never proffered any search terms, date ranges or other narrowing information that might allow for good faith discussions on discovery. They merely assert that they want **all** documents relating in any way to the Debtors' interactions with Veeva. Most importantly, all discovery must serve a purpose: it must be directed at uncovering information that could conceivably lead to admissible evidence. Veeva has repeatedly refused to provide a rationale for its continued discovery requests of what it might find that could lead to admissible evidence. Veeva's entire discovery theory is based on the idea that the Trustee once stated that documents exist and would be produced or made available for inspection; however, there are ***no further responsive documents for the Trustee to produce***. Producing the contents of Veeva's own production back to Veeva is a pure waste of resources, and Veeva is only pressing this request to drive up the Trustee's costs and try to strong arm the Trustee in accepting a lower settlement offer than the documents and facts already exchanged support.

The Trustee submits that no further production of documents is necessary or appropriate in this case.

<div style="margin-left:50%">

Respectfully submitted,

SAUL EWING LLP

*/s/ Turner N. Falk*

By: _____

Turner N. Falk

</div>

cc:    All counsel of record (via ECF)